**UNITED STATES of America**

v.

**Charles H. CARTER, Appellant.**

**No. 72–2073.**

United States Court of Appeals, District of Columbia Circuit.

Argued June 11, 1973.

Decided July 12, 1973.

Nancy Pyeatt, Washington, D. C. (appointed by this Court), for appellant.

53.  See note 6, *supra*.

Peter C. Schaumber, Asst. U. S. Atty., with whom Harold H. Titus, Jr., U. S. Atty., John A. Terry and Kenneth Michael Robinson, Asst. U. S. Attys., were on the brief, for appellee.

Before BAZELON, Chief Judge, FAHY, Senior Circuit Judge, and ROBINSON, Circuit Judge.

FAHY, Senior Circuit Judge:

■ The appeal is from a conviction of robbery in violation of 22 D.C.Code § 2901 (Supp. V, 1972). An identification question is presented, which includes a challenge to the adequacy of the instruction to the jury. No objection to the instruction as given, however, was made at trial. Considering the one given with the evidence as a whole, no plain error affecting a substantial right appears. We accordingly are not required to consider further this phase of the case. Rule 52, F.R.Crim.P.

■■ A more serious problem grows out of the manner in which the Assistant United States Attorney elicited evidence that appellant had been convicted previously of six counts of robbery and assault with a dangerous weapon. Generally, evidence of a prior criminal conviction is not admissible on the issue of guilt, i. e. "that [the defendant] is by propensity a probable perpetrator of the crime" for which he is being tried. Michelson v. United States, 335 U.S. 469, 475, 69 S.Ct. 213, 216, 93 L.Ed. 168 (1948). Evidence of a prior crime or conviction is admissible for certain limited purposes for which the probative value of the evidence outweighs its prejudicial character:

> Because such evidence is generally recognized to have potentiality for prejudice, it is usually excluded except when it is particularly probative in showing such things as intent . . . an element in the crime . . . identity . . . malice . . . motive . . . a system of criminal activity . . . or when the defendant has raised the issue of his character . . . or when the defendant has testified

and the State seeks to impeach his credibility . . . .

> . . . . The defendants' interests are protected by limiting instructions . . . and by the discretion residing with the trial judge to limit or forbid the admission of particularly prejudicial evidence even though admissible under an accepted rule of evidence.

Spencer v. Texas, 385 U.S. 554, 560–561, 87 S.Ct. 648, 652, 17 L.Ed.2d 606 (1967); and see, McGautha v. California, 402 U.S. 183, 215, 91 S.Ct. 1454, 28 L.Ed.2d 711 (1971).

■ In this jurisdiction when a defendant testifies in his own behalf, as appellant did in this case, evidence of a prior conviction that qualifies under the terms of our statute, "shall be admitted" "for the purpose of attacking [the defendant's] credibility." 14 D.C.Code § 305(b) (Supp. V, 1972). This statute, concerned only with the impeachment of a witness, does not purport to permit use of the evidence as proof of guilt. "A basic principle of long standing in our law makes it clear that evidence of one crime is inadmissible to prove disposition to commit crime in general." United States v. Bobbitt, 146 U.S.App.D.C. 224, 227, 450 F.2d 685, 688 (1971).

> Because of the possibility that the generality of the jury's verdict might mask a finding of guilt based on an accused's past crimes or unsavory reputation, state and federal courts have consistently refused to admit evidence of past crimes except in circumstances where it tends to prove something other than general criminal disposition.

Spencer v. Texas, supra, 385 U.S. at 575, 87 S.Ct. at 660. See also, Boyd v. United States, 142 U.S. 450, 454–458, 12 S.Ct. 292, 35 L.Ed. 1077 (1892).

■■ In permitting evidence of this highly prejudicial character to impeach a defendant when he testifies, our statute furnishes no foundation for its use for any other purpose. Care is thus required to confine it to the permissible purpose, which may be thwarted by the

manner in which the evidence is adduced. Not only was the requisite care not exercised in the present case by the prosecutor, the custodian in the first instance of the rule of evidence, but the manner in which he elicited the evidence was calculated to defeat the purpose of the rule. In cross-examining the appellant he proceeded as follows:

Q. [The Assistant United States Attorney]: And you wouldn't rob that man, right? A. I had no reason to rob when I am working.

Q. You wouldn't do something like that? A. No, I wouldn't.

Q. But in 1968, you were convicted of six counts of robbery and assault with a dangerous weapon, weren't you, on three different people? A. Yes, I was, and I have learned my lesson from that.

Q. You did? A. Right.

This was designed effectively to persuade the jury that appellant would rob a man, and in fact committed the robbery for which he was now charged. The evidence was inadmissible for that purpose. The seriously prejudicial impact upon the jury is clear.

Defense counsel moved for a mistrial because "the context which [the prosecutor] brought in Mr. Carter's prior conviction was not to impeach him as such but to show criminal propensity." The court denied the motion, but after some discussion concerning the need for an immediate limiting instruction, the court, with the prosecutor agreeing, stated to the jury:

Ladies and gentlemen of the jury, you just heard in the course of this examination that this defendant was convicted of a criminal offense of robbery some years ago. We permit that kind of testimony to come in only for one purpose and that is to let the jury evaluate his credibility as a witness. The fact that he has been convicted of a crime in the past has nothing to do with the case on trial; it is only to give you a chance to evaluate his credibility.

Soon thereafter the trial was completed. In his charge to the jury the judge adverted again to this problem and advised the jury:

Now, as we all recall, this defendant was confronted with a prior criminal record. The fact that a defendant has a criminal record has no bearing on the question of guilt or innocence of the charges on which he is presently being tried. We do, however, admit the criminal record as to any witness who takes the stand solely for the purpose of assisting the jury in determining whether or not to believe that witness. Any fact that may tend to show that a witness may not be a truth-telling individual is admissible with respect to that witness whether he is the defendant or any other witness.

Consequently, you may consider this defendant's criminal record not as bearing on the question of his guilt or innocence in this particular case, because his guilt must be established by evidence irrespective of what his past record may be, but you may consider his criminal record merely for the purpose in determining whether he was a trustworthy witness when he took the witness stand and whether his testimony should be believed.

The question we have is whether these instructions should be held to have eliminated the prejudicial effect of what actually had occurred before the jury a short time before in violation of the governing rule. We think not. Even when the prior criminal record is brought into the evidence in an appropriate manner, there is the well-nigh inescapable prejudice on the issue of guilt notwithstanding the trial court carefully instructs the jury as to the limited consideration it may accord the evidence. See United States v. Bailey, 138 U.S.App.D.C. 242, 426 F.2d 1236 (1970). One never knows. At best it can only be assumed the jury will be able to close its mind to the total import of the evidence and consider it only as it might affect the credibility of the witness, ignoring its prejudice to the defendant on the issue of guilt of

the offense for which he is being tried. When there is the additional prejudice growing out of the introduction of the evidence in an inappropriate manner such as we have here, pointing to present guilt due to the earlier convictions, rather than to present credibility *vel non* of the accused as a witness, the limiting instructions cannot confidently be held to have eliminated the prejudice. It is asking too much of a jury. We think the remedy is a new trial rather than to assume that no impermissible prejudice affected the resolution of the disputed factual issues.

Reversed.