Harold W. BROWN, Appellant,

v.

UNITED STATES, Appellee.

No. 10652.

District of Columbia Court of Appeals.

Argued Dec. 14, 1977.

Decided March 15, 1978.

Donna C. Aldridge, Hyattsville, appointed by the court, for appellant.

Edward D. Ross, Jr., Asst. U. S. Atty., Washington, D. C., with whom Earl J. Silbert, U. S. Atty., John A. Terry, and William D. Pease, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Before KERN and MACK, Associate Judges, and PAIR, Associate Judge, Retired.

PAIR, Associate Judge, Retired:

After a jury trial, appellant was found guilty of assault with a deadly weapon in violation of D.C.Code 1973, § 22–502. Sentenced to incarceration for a term of from eight to twenty-four years, appellant urges reversal, claiming as error (1) the introduction, during the voir dire, of the daughter of Ms. Alexander, the complaining witness (complainant), and (2) remarks made by the prosecutor in his summation to the jury. Finding no error requiring reversal, we affirm.

The testimony at trial tended to establish the following: Appellant and the complainant had been casual friends for a number of years. The assault occurred when the complainant entered the kitchen at the home of mutual friends. Appellant, with two women friends was at that time preparing food for cooking. Observing the complainant enter the kitchen, appellant said to her: "You red bitch, what are you doing in here?" Immediately thereafter appellant struck complainant, knocking her to the floor. He then stabbed her in the abdomen with a large butcher knife. Within a short time police officers and an ambulance arrived on the scene; appellant was identified as the assailant and was arrested.

Appellant did not take the stand and no witness testified in his behalf. The case was then submitted to the jury, which returned a verdict of guilty as charged.

■ The first contention is that the trial court erred in permitting the prosecutor to introduce to the jury during the voir dire, the daughter of the complainant. Since the daughter was seated in the courtroom with the complainant, we are satisfied that a legitimate voir dire purpose was served by her introduction to the jury panel, the announcement that she would not be called as a witness, and the inquiry whether any member of the panel knew her. *See Davis v. United States*, D.C.App., 315 A.2d 157 (1974); *Harvin v. United States*, D.C.App., 297 A.2d 774 (1972). *See also Wilburn v. United States*, D.C.App., 340 A.2d 810 (1975). Moreover, as we said in *Parks v. Ratcliff*, D.C.App., 240 A.2d 659, 661 (1968):

The scope of the examination during voir dire is ordinarily within the sound discretion of the trial judge, and exercise of that discretion will not constitute reversible error unless there is a showing of clear abuse or harmful prejudice. . .

We find in the record brought here neither abuse of discretion nor prejudice in permitting the introduction of the daughter.

Appellant contends next that the trial court erred when it refused to declare a mistrial because of comments made by the prosecutor in his closing argument to the jury. What appears is that during his voir dire appellant introduced as a prospective witness a Ms. Bolden, one of the two women in the kitchen when complainant was stabbed. Appellant, however, did not call Ms. Bolden as a witness and did not explain his failure to do so.

In his summation to the jury, the prosecutor said:

Ladies and gentlemen, every defendant in a criminal case has an absolute, constitutional right to sit back and put the Government to its test. It's the Government that has to prove every element of the offense. Well, apparently, in this case that's what Mr. Brown has done. I submit to you, however, that the Government has proven every element in this case, and I would expect at the conclusion of the case, in accordance with your oaths, you'll find Mr. Brown guilty of the offense of assault with a dangerous weapon. Thank you.

Appellant's counsel objected to the prosecutor's remarks and moved for a mistrial, urging that the remarks referred to appellant's failure to take the stand. The trial judge observed that the remarks touched upon "a very dangerous area," but refused to declare a mistrial. The court instead permitted the prosecutor to explain to the jury on rebuttal that the remarks were not intended to refer to appellant's failure to take the stand. The prosecutor then addressed the jury, saying:

Ladies and gentlemen of the jury, the name Janice Bolden came up in counsel's closing argument. To you—Janice Bolden, if you recall from the testimony, was one of the two women in the kitchen with Mr. Brown at the time of the stabbing. I remind you, ladies and gentlemen, that Janice Bolden was a lady that was introduced to you when you were being voir dired yesterday by the defense counsel as a defense witness. It's that, and that alone, which is what I meant when I said that the defense in this case is certainly putting the Government to its test. I submit to you that the Government has met that test. Thank you.

■ Appellant insists nevertheless that the remarks violated his Fifth Amendment right to remain silent at his trial and that it was reversible error to refuse to declare a mistrial. In disposing of any such claim of error, it has been said repeatedly that the test is whether the comments were manifestly intended or were of such character that reasonable jurors would naturally and necessarily conclude that such comments were intended to call attention to the failure of the accused to testify in his defense. *Byrd v. United States*, D.C.App., 364 A.2d 1215 (1976); *Blango v. United States*, D.C. App., 335 A.2d 230 (1975); *Peoples v. United States*, D.C.App., 329 A.2d 446 (1974). *See also United States v. Williams*, 172 U.S. App.D.C. 290, 521 F.2d 950 (1975).

■ We are not persuaded that any such result was intended or accomplished by the remarks when read in context. *Byrd v. United States, supra.* But even if the remarks somehow impinged on appellant's right to remain silent, we must affirm since, in our view, the error if any was harmless beyond a reasonable doubt. *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1957).

At the trial the government's evidence on the issue of appellant's guilt was overwhelming. Moreover, after the challenged remarks, the court instructed the jury that appellant was not required to prove his innocence, that he had an absolute right not to testify, and that the jury was not permit-

ted to draw any inference of guilt because appellant did not testify. But, more than this, following the instructions, the court inquired of counsel: "Are there any other requested instructions or comments that we did not earlier discuss on the record" and defense counsel replied, "No, Your Honor."

Appellant contends finally that the prosecutor's comments respecting the failure of appellant to call Ms. Bolden as a witness were so prejudicial as to require reversal, since she was equally available to the prosecution. We cannot agree that the comments constituted reversible error.

Ms. Bolden was one of the two women who witnessed the assault. She was introduced by defense counsel as a prospective witness for the defense. Of course, defense counsel did not call her as a witness, but in his closing argument he urged the jury to be reminded that the government had not called either of the two witnesses to the crime.

■ It is well established now that "if a party has it peculiarly within his power to produce witnesses whose testimony would elucidate the transaction, the fact that he does not do so creates the presumption that the testimony, if produced, would be unfavorable." *Graves v. United States*, 150 U.S. 118, 121, 14 S.Ct. 40, 41, 37 L.Ed. 1021 (1893). Comment by the prosecutor or instruction by the judge is impermissible if either of such conditions is not met. *Carver v. United States*, D.C.App., 312 A.2d 773 (1973); *United States v. Young*, 150 U.S. App.D.C. 98, 103–04, 463 F.2d 934, 939–40 (1972). In addition, before counsel may comment on a missing witness, he/she must generally obtain from the court a ruling giving permission to do so. *Gass v. United States*, 135 U.S.App.D.C. 11, 19–20, 416 F.2d 767, 775–76 (1969). *See Conyers v. United States*, D.C.App., 309 A.2d 309 (1973).

■ It seems clear that Ms. Bolden, as a witness to the stabbing, would have been able to elucidate the facts of the assault. *Graves v. United States, supra.* Nonetheless, the question of whether the witness was peculiarly within the power of the de-

fendant is a troubling one. It is true that she was introduced during voir dire as a potential defense witness. She certainly knew appellant, but she also knew the complainant. It seems doubtful, therefore, that she was "peculiarly within the power of the defendant." *See Carver v. United States, supra.*

But even if it were error for the court to permit the comment, there is no showing that the error was prejudicial to appellant. The case against appellant was simply airtight. Thus it cannot reasonably be presumed that the prosecutor's remarks, unfortunate as they may have been under the circumstances, were prejudicial to the appellant. On the record before us, we can say with fair assurance that the jury was not swayed by the prosecutor's remarks. *See Kotteakos v. United States,* 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946).

*Affirmed.*