COMMONWEALTH *vs.* BARBARA FELTON.

Middlesex. April 19, 1983. — May 20, 1983.

Present: BROWN, ROSE, & DREBEN, JJ.

*Evidence,* Prior conviction. *Practice, Criminal,* Agreement between prosecutor and defendant.

This court reversed convictions of assault by means of a dangerous weapon and assault and battery on a police officer, where a prior conviction of the defendant of assault and battery by means of a dangerous weapon had been introduced at trial to impeach the defendant's credibility despite a representation made by the prosecutor before trial that he would not introduce prior convictions, and where the prosecutor in his argument unfairly emphasized the similarity between the offenses charged and the prior conviction. [66]

COMPLAINTS received and sworn to in the Third Eastern Middlesex Division of the District Court Department on October 6, 1981.

The cases were tried in the jury session of that court before *Hassett, J.*

*Ellen A. Howard* for the defendant.

*Claudia R. Sullivan,* Assistant District Attorney, for the Commonwealth.

BROWN, J. The defendant appeals from her convictions on complaints charging assault by means of a dangerous weapon and assault and battery on a police officer.

The defendant, a sixty year old retired college teacher, is a so called "bag lady." On the evening of August 21, 1981, while in the process of cooking clams on her portable stove in the rear parking lot of a bank building in the Central Square area of Cambridge, she was accosted by seven or eight children. Police officers arrived on the scene and ordered the youths "to get out of the area." At this time there was a confrontation between the defendant and the

police officers. Although there is conflicting evidence concerning the next sequence of events, there is no question that the jury reasonably could have concluded that the defendant committed the offenses with which she had been charged.

At an unrecorded lobby conference held prior to the presentation of the case, the prosecutor notified the defense counsel and the judge that he would not introduce prior convictions of the defendant because, as he later restated it, he "didn't consider any of those convictions to be complaints that went to her basic veracity." No motion was filed at this point. The defense counsel called the defendant to the stand and elicited her version of the incident. On cross-examination by the Commonwealth the defendant testified as follows:

> "The picture of me, sixty years old, I weigh one hundred and thirty pounds, being aggressive, which I am not anyway, to two large, young, male officers, just boggles my mind. That they would say that they did things as gross as put me down on the ground to hold me down?"

In response to a further question whether she denied that the police officers had to hold her down, the defendant stated, "I deny that they put me on the ground." After a few more questions, the prosecutor asked for a bench conference. The jury were excused, and a hearing was held on the prosecutor's request to introduce a prior conviction. The defense counsel objected, asserting that he had put the defendant on the stand, relying on the prosecutor's representation that he would not introduce her prior convictions. Compare *Commonwealth* v. *Diaz*, 383 Mass. 73, 81-82 (1981). Defense counsel added that use of the prior conviction at this juncture "would do irreparable harm," as "[t]here is no way that I can take her off the stand." Nevertheless, the judge granted the prosecutor's request. The prosecutor began by asking the following:

> "[D]o you recall you volunteered that you thought that this was in a sense rather 'farcial [sic], unusual farcial,' that you would [be] depicted in such a violent or assaultive or dangerous fashion?"

After the defendant responded in the affirmative, the prosecutor continued:

> "Ma'am, I want to ask you, then if you're the same Barbara Felton of who it is complainded [sic] that on May 8, 1980, that you assaulted Sonia Roberts by means of a dangerous weapon, to wit: a hatchet, and you in fact, ma'am, were found guilty in this Court and sentenced in this Court by Judge Sherman in December of 1980. Are you that Barbara Felton?"

After evincing some confusion about the question, the defendant acknowleged that she was that person. Soon after the conviction was introduced, the defendant concluded her testimony, and closing arguments were given. In argument the prosecutor emphasized that the prior conviction was introduced solely for the purpose of showing "that she's not telling you the whole truth, [be]cause non-violent, non-assaultive, non-dangerous people don't do these things and get convicted."

While the defense counsel objected to the ruling allowing the prosecutor to impeach the defendant with a prior conviction, he failed to object either to the manner in which the prosecutor introduced the prior conviction or to the prosecutor's closing argument.[1] The judge gave a limiting instruction in her charge to the effect that evidence of a prior conviction has no bearing "on the question of guilt or innocence, only on the question of credibility."

---

[1] In view of the opinion of the Supreme Judicial Court in *Commonwealth* v. *Diaz*, 383 Mass. 73, 80 (1981), and the cases cited therein, we think that the initial objection was sufficent in these circumstances to raise on appeal all the questions presented by the prosecutor's use of the prior conviction.

The Commonwealth must keep its promises. See *Commonwealth* v. *Benton,* 356 Mass. 447, 448 (1969); *Commonwealth* v. *Harris,* 364 Mass. 236, 238 (1973). Pursuant to G. L. c. 233, § 21, the conviction of a crime may be used to impeach the credibility of a witness. Although there is no precise record of what the promise was here, the prosecutor represented that he would not introduce the prior convictions because he did not consider them "to be complaints that went to her basic veracity."

Even if the judge's ruling were correct, the manner in which the prosecutor used the defendant's prior conviction "violated both the letter and the spirit of G. L. c. 233, § 21." *Commonwealth* v. *Roberts,* 378 Mass. 116, 127 (1979). The prosecutor here unfairly emphasized the similarity betweeen the offenses charged and the prior conviction. See *United States* v. *Harding,* 525 F.2d 84, 90 (7th Cir. 1975). Juxtaposing a prior conviction with questions concerning matters to which the conviction was not unrelated gave that conviction substantive effect and went beyond the impeachment purpose allowed by the statute. See *Commonwealth* v. *Roberts,* 378 Mass. at 126. See also *United States* v. *Carter,* 482 F.2d 738, 740 (D.C. Cir. 1973); *United States* v. *Henry,* 528 F.2d 661, 667 (D.C. Cir. 1976). We recognize that in certain circumstances a prosecutor may deliver "a hard blow" (*Commonwealth* v. *Walter,* 10 Mass. App. Ct. 255, 263 [1980]), but we think that all blows must be delivered fairly. It cannot be said too often that the Commonwealth must "take care to behave itself." *Commonwealth* v. *Tirrell,* 382 Mass. 502, 513 (1981) (Kaplan, J., dissenting).

In sum, a new trial is warranted because of the prosecutor's original promise and the juxtaposition of the prior conviction with the defendant's testimony. Unlike *Commonwealth* v. *Roberts, supra,* and *Commonwealth* v. *Leno,* 374 Mass. 716, 718-719 (1978), there was no immediate limiting instruction given. As to the efficacy of limiting instructions in similar circumstances, see *United States* v. *Carter,* 482 F.2d at 740-741.

*Judgments reversed.*

*Verdicts set aside.*