Elliott J. REED, Appellant,

v.

UNITED STATES, Appellee.

Dennis M. WASHINGTON, Appellant,

v.

UNITED STATES, Appellee.

Nos. 83–1098, 83–1099.

District of Columbia Court of Appeals.

Argued Sept. 25, 1984.

Decided Dec. 27, 1984.

later, when appellant encountered Officer Giles at 1:00 a.m. on a street corner.

Narasimha Swamy, Bethesda, Md., for appellant Reed.

Diane Bratter for appellant Washington.

Robert H. Klonoff, Asst. U.S. Atty., Washington, D.C., with whom Joseph E. diGenova, U.S. Atty., and Michael W. Farrell, Thomas J. Tourish, Jr., and Pamela B. Stuart, Asst. U.S. Attys., Washington, D.C., were on brief, for appellee.

Before NEWMAN, FERREN and ROGERS, Associate Judges.

ROGERS, Associate Judge:

Appellants were convicted by a jury of unlawful distribution of a controlled substance (heroin), D.C.Code § 33–541(a)(1) (Supp.1984), and unlawful possession with intent to distribute a controlled substance (heroin) *Id.* They appeal on the grounds the trial judge erred in denying their motions for mistrial when the prosecutor improperly impeached Reed with prior convictions, and improperly commented in rebuttal closing argument on Washington's failure to testify. Upon a review of the record

we find no reversible error and affirm. Pursuant to our supervisory jurisdiction, we set forth the procedure to be followed when a defendant denies a prior conviction on cross-examination and the government does not have a certification under seal. D.C.Code § 14–305(c) (1981).

### I.

At trial appellant Reed denied on direct examination that he had committed the charged offense. On cross-examination, the prosecutor only questioned him about his prior convictions. Reed admitted that he had been convicted in 1974 for bank robbery, bank larceny, and assault during robbery. After this admission, the prosecutor continued:

Q. You're the same, sir, Elliott Jimmy Reed, Jr., convicted in a Superior Court of the State of California in and for the County of Sonoma in Criminal Number 9656–C of a violation of second degree burglary on August 7, 1979; is that not correct?

A. No. I wasn't convicted of any crime in California.

\* \* \* \* \* \*

Q. You were not, sir, admitted to probation in the Superior Court in the State of California in and for the County of Sonoma?

A. No.

Q. On September 14th, 1979?

A. No.

Q. In the same case, sir, were you not admitted to probation in that case on a charge of assault with intent to rape?

A. No.

Q. Are the same Elliott J. Reed who was convicted—

Reed's counsel objected and asked to approach the bench. During the colloquy

that followed, it was established that a certified copy of the record of the California Court showed only that Reed had been convicted of a misdemeanor of burglary and nothing else. Reed's counsel moved for a mistrial on the basis of the improper questioning. The prosecutor argued that she had a good faith basis for her question regarding the assault with attempt to rape because an FBI "rap sheet" showed that the appellant was "admitted to probation in that case," and that she had also "discussed the matter" with an employee of the Sonoma County Court clerk's office. Defense counsel noted that the certified copy of the California conviction did not substantiate the information on the FBI "rap sheet," and was "totally opposite" to the information on the sheet.

The trial judge took the motion for a mistrial under advisement after advising the prosecutor that her question was improper. The judge stated she should not have attempted to use the conviction for assault with attempt to rape without having obtained prior approval from the court, and that she should have announced at the beginning of trial precisely what convictions she intended to use for impeachment purposes.[1] The judge then allowed the prosecutor to continue impeaching Reed with prior convictions, and Reed admitted he had been convicted in December 1981 in the District of Columbia for possession of heroin. At the conclusion of the cross-examination, the trial judge instructed the jury to ignore completely the prosecutor's reference that Reed had been convicted of assault with attempt to rape; the judge told the jury there was

> "no evidence that the defendant [Reed] was ever convicted of such an offense, and you are to ignore it completely. It has no place in this case, none."

1. The trial judge had issued written instructions which directed prosecutors appearing in felony cases to advise him at the beginning of trial of "(1) any statements of the defendant that will be introduced in evidence, either in the government's case or for impeachment if the defendant testifies, and (2) any prior convictions of the

defendant that will be used for impeachment if the defendant testifies." Because the prosecutor had failed to follow the established procedures, Reed moved to "strike any of his convictions procedurally." The trial judge denied the motion.

At the close of all the evidence the trial judge denied the motion for a mistrial on the grounds that the prosecutor believed she had a good faith basis for the attempted impeachment, the court gave "strong[ ] and powerful[ ]" instructions to the jury to disregard the attempted impeachment, appellant was properly impeached with other convictions, and because of the "totality" of the evidence presented by the government.

## II.

■ D.C.Code § 14–305(b) (1981) provides for the use of certain prior convictions "for the purpose of attacking the credibility of a witness." [2] Appellant Reed attacks all of his impeachments by prior convictions, asserting that they were undertaken for an improper purpose and without a proper foundation since the prosecutor failed to cross-examine him about his credibility. He comments that "[i]t was not even suggested that [I] was lying and that the government's witnesses were truthful," and relies on *Baptist v. United States*, 466 A.2d 452 (D.C.1983); *Bailey v. United States*, 447 A.2d 779 (D.C.1982);

and *Fields v. United States*, 396 A.2d 522 (D.C.1978).

Cross-examination by the prosecutor which consists solely of impeachment of a defendant's credibility by prior convictions is authorized by § 14–305(b). Congress "left no doubt that in this jurisdiction, our policy is that when a defendant takes the stand the court must permit the prosecutor to attack his or her credibility by introducing recent prior convictions for felonies and other crimes involving dishonesty or false statement." *Hill v. United States*, 434 A.2d 422, 429 (D.C.1981), *cert. denied*, 454 U.S. 1151, 102 S.Ct. 1020, 71 L.Ed.2d 307 (1982). The statute does not require that before such impeachment the government, or the trial judge, must lay a foundation either by other questions or instructions to the jury. While our decisions reflect the care with which such cross-examination must be undertaken, they do not suggest that in the absence of any other questions, a predicate or foundation must be laid. *See Baptist, supra*, 466 A.2d at 458 (prosecutor "may not juxtapose questions concerning previous convictions for similar offenses with testimony by the defendant which is in essence a general denial that he

**2.** Section 14–305 reads:

(b)(1) Except as provided in paragraph (2), for the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a criminal offense shall be admitted if offered, either upon the cross-examination of the witness or by evidence aliunde, but only if the criminal offense (A) was punishable by death or imprisonment in excess of one year under the law under which he was convicted, or (B) involved dishonesty or false statement (regardless of punishment). A party establishing conviction by means of cross-examination shall not be bound by the witness' answers as to matters relating to the conviction.

(2)(A) Evidence of a conviction of a witness is inadmissible under this section if—

(i) the conviction has been the subject of a pardon, annulment, or other equivalent procedure granted or issued on the basis of innocence, or

(ii) the conviction has been the subject of a certificate of rehabilitation or its equivalent and such witness has not been convicted of a subsequent criminal offense.

(B) In addition, no evidence of any conviction of a witness is admissible under this section if a period of more than ten years has elapsed since the later of (i) the date of the release of the witness from confinement imposed for his most recent conviction of any criminal offense, or (ii) the expiration of the period of his parole, probation, or sentence granted or imposed with respect to his most recent conviction of any criminal offense.

(c) For purposes of this section, to prove conviction of crime, it is not necessary to produce the whole record of the proceedings containing the conviction, but the certificate, under seal, of the clerk of the court wherein the proceedings were had, stating the fact of the conviction and for what cause, shall be sufficient.

(d) The pendency of an appeal from a conviction does not render evidence of that conviction inadmissible under this section. Evidence of the pendency of such an appeal is admissible.

committed an offense charged"). Nor do they suggest that where a defendant chooses, as did Reed, to end his direct examination with a general denial, the prosecutor is precluded from beginning his cross-examination with impeachment by prior convictions. *See Middleton v. United States*, 401 A.2d 109, 126–27 (D.C.1979).[3] Reed did not object when the prosecutor began her cross-examination with impeachment, and we find no plain error. *Watts v. United States*, 362 A.2d 706, 709 (D.C. 1976) (en banc).

The courts in this jurisdiction have repeatedly emphasized that cross-examination of a defendant by impeachment of prior convictions must be undertaken in a manner to avoid suggesting guilt of pending charges as a result of prior convictions and to avoid suggesting bad character or worse about a defendant. *See, e.g., Fields, supra*, 396 A.2d at 527; *United States v. Carter*, 157 U.S.App.D.C. 149, 151, 482 F.2d 738, 740 (1973) ("well-nigh inescapable prejudice on issue of guilt"). What occurred in the instant case appears at best to have resulted from less than careful preparation by the prosecutor, and is not the normal procedure followed when the government seeks to impeach a witness with a prior conviction. The government advised at oral argument that it usually obtains either a certified copy of the conviction or a stipulation from defense counsel prior to trial.[4] That such procedures are desirable is evident from what occurred in this case; not only was the FBI "rap sheet" misleading, but the prosecutor confused two defendants in mistakenly thinking that a prior telephone inquiry related to Reed.[5] However, even where the prosecutor has a certificate or stipulation, care must still be taken to ascertain that a conviction falls within the statutory limitations, *see supra* note 2, and is not otherwise constitutionally infirm. *See Oliver v. United States*, 384 A.2d 642 (D.C.1978) (Sixth Amendment lack of counsel violation); D.C.Code § 23–111 (1981) (proceedings to establish prior convictions for purposes for increased punishment).

■ Although the statute and the legislative history do not address what happens after a defendant denies a prior conviction on cross-examination, the statute provides that the cross-examiner is not bound by the witness' answer. Further, we find relevant expression in the case law to support the view that the trial judge must determine, by inquiring prior to trial or out of the presence of the jury during trial, that sufficient grounds exist for making the inquiry about a prior conviction. Thus, in *Dixon v. United States*, 287 A.2d 89, 93 (D.C.), *cert. denied*, 407 U.S. 926, 92 S.Ct. 2474, 32 L.Ed.2d 813 (1972), this court responded to assertions that notwithstanding appropriate limiting instructions, the introduction of prior convictions for impeachment may be violative of a defendant's Fifth Amendment rights to due process, by pointing out that recent federal and state cases indicate "quite clearly that the tradition of utilizing evidence of *valid* prior convictions for purposes of impeachment is in no manner be-

---

**3.** *See generally Baptist, supra*, 466 A.2d at 458; *Bailey, supra*, 447 A.2d at 782–83; *Fields, supra*, 396 A.2d at 527 (citing *United States v. Henry*, 174 U.S.App.D.C. 88, 94, 528 F.2d 661, 667 (1976)); *Carter, supra*, 157 U.S.App.D.C. 149, 482 F.2d 738.

**4.** See McCormick on Evidence § 43, at 87 (E. Cleary ed. 2d ed. 1972) (citations omitted):

... most jurisdictions, by statute or decision, ... permit the proof to be made either by production of the record or a copy, or by the oral statement of the convicted witness himself. Here the cross-examiner need not "lay a foundation" for proof by copy or record, nor is he bound to "take the answer" if the witness denies the conviction, but may prove it by the record.

**5.** The FBI "rap sheet" did not show, as the prosecutor told the court, that appellant was "admitted to probation in that case." Rather, it indicates, in relevant part:

| | |
|---|---|
| 2220 PC A w/i to commit rape | jl 30 das ISS 24 mo |
| 459 PC burg | SW CTS 4 |
| das on chgs of 459 PC Burg & 220PC aslt w/int to rape | |

The prosecutor apprised the trial court of the error regarding the telephone inquiry prior to its denial of appellants' motion for a new trial.

ing considered as violative of due process [citations omitted]." In *Fields, supra,* 396 A.2d at 527, the court noted that to minimize the risk of jury misuse when the crime charged and that being used for impeachment are similar, the prosecutor "must not impeach the defendant with prior convictions in a manner which suggests to the jury that because of his prior criminal acts, the defendant is guilty of the crimes charged." The court reversed the conviction in *Bailey, supra,* 447 A.2d at 783, upon concluding that since "the risk of prejudice is so great," a prosecutor's pause is insufficient to overcome the objections to the procedure condemned in *Fields, supra,* where impeachment followed a general denial. Accordingly, we hold that when a party establishing a conviction by means of cross-examination is met with a denial, the party posing the question must be prepared to prove the conviction.[6]

▮ Our prior decisions do not specifically address the procedure which is to be followed when a defendant denies a prior conviction and the government cannot produce a certificate of conviction under seal. At oral argument the government suggested that the discovery procedures under Super.Ct.Crim.R. 16 are broad enough to assure that a defendant would learn of the nature of the government's information regarding his prior convictions, and seemed to suggest that thereafter the burden would shift to the defendant to take appropriate steps to prevent a prosecutor from asking the question before the jury, so long as the prosecutor had a good faith basis for believing the defendant had such conviction. Rule 16(a)(1)(B) requires the government, upon a defendant's request, to turn over its information about a defendant's prior convictions, but as the record in this

case suggests, that procedure may not assure that prior to trial defense counsel will have a copy of the FBI "rap sheet" or other evidence on which the government intends to rely. Nor, in view of a defendant's due process right to a fair trial, are we prepared to write in a good faith exception to the statute on the basis of the record in this case.

In *Oliver, supra,* 384 A.2d 642, pursuant to its supervisory jurisdiction, *In re D.M.R.,* 373 A.2d 235 (D.C.1977), the court held, in connection with § 14–305, that when a defendant challenges the validity of a prior conviction on lack of counsel grounds, it is incumbent on the trial court to conduct an evidentiary hearing. At the hearing the burden of establishing the validity of a prior conviction is on the government which cannot rely solely on a state court docket sheet. The court noted that ordinarily a prima facie case of constitutional validity would be established by the introduction of the transcript or other official court records reflecting the presence of counsel or a valid waiver thereof. If such records cannot be produced, then the government must establish the fact by "other credible evidence, if it can," with the burden of going forward and the burden of persuasion resting upon the government. *Oliver, supra,* 384 A.2d at 645. Once the government establishes a prima facie case, however, the burden of going forward shifts to the defendant who may present evidence on the issue. The trial court, based on all the evidence presented, must then determine by a preponderance of the evidence whether the government has established the constitutional validity of the conviction. *Id.*

This procedure appears no less appropriate when a defendant denies the validity of

---

**6.** *See State v. Tune,* 17 N.J. 100, 110 A.2d 99, 105 (1954) (without record of or *bona fide* reason to believe existence of prior conviction, cross-examiner bound by denial of witness), *cert. denied,* 349 U.S. 907, 75 S.Ct. 584, 99 L.Ed. 1243 (1955). *See also People v. Perez,* 58 Cal.2d 229, 23 Cal.Rptr. 569, 573–74, 373 P.2d 617, 621–22 (1962) (improper for prosecutor to ask witness

whether he had been convicted of a crime where prosecutor was not in a position to dispute a negative answer by a witness); *State v. Gustafson,* 248 Or. 1, 432 P.2d 323, 325 (1967); Annot. 3 A.L.R.3d 965 (1965). *Contra People v. Foster,* 271 Cal.App.2d 763, 76 Cal.Rptr. 775, 778–79 (1969) (distinguishing *Perez, supra* ).

a prior conviction. Accordingly, in the exercise of our supervisory jurisdiction, *Oliver, supra,* we hold that consistent with the statutory requirement for proof of a prior conviction, a prosecutor may not cross-examine a defendant about a prior conviction unless the prosecutor has a certificate under seal as provided by § 14–305(c) or the trial judge has ruled in advance of the cross-examination or offer of proof aliunde · that the government has presented sufficiently reliable proof of a prior conviction by a defendant to permit cross-examination or proof aliunde. That ruling shall be made, presumably prior to trial, by the judge in a manner consistent with the procedure described in *Oliver, supra,* 384 A.2d at 645. Moreover, once a defendant has denied a conviction, no further questioning about that conviction shall be permitted except in accordance with the *Oliver* ruling by the trial judge.

■ Since defense counsel in the instant ·case timely objected to the impeachment, if the impeachment constituted prosecutorial misconduct, the proper standard of review is whether the misconduct caused "substantial prejudice" to appellants. *Hawthorne v. United States,* 476 A.2d 164, 170 (D.C.1984); *Arnold v. United States,* 467 A.2d 136, 137 (D.C.1983). To determine whether prosecutorial misconduct has resulted in substantial prejudice, the test is " 'whether we can say, with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error.' " *Hawthorne, supra,* 476 A.2d at 170 (quoting *Powell v. United States,* 455 A.2d 405, 411 (D.C. 1983)). The factors to be considered are the gravity of the alleged misconduct, its direct relationship to the issue of innocence or guilt, *Villacres v. United States,* 357 A.2d 423, 428 (D.C.1976), the strength of the government's evidence, and the mitigating efforts made at trial. *Jenkins v. United States,* 374 A.2d 581, 585 (D.C.), *cert. denied,* 434 U.S. 894, 98 S.Ct. 274, 54 L.Ed.2d 182 (1977).

■ The prosecutor's questioning in the instant case was not in accordance with either the statutory requirement for a certificate under seal or the repeated expressions by this court regarding the care with which impeachment by prior convictions must be undertaken. Nor was it done in accordance with the trial judge's own procedures. *See supra* note 1. Nevertheless, upon review of the record, we are satisfied that the verdict was not substantially swayed by the error, and the error was therefore harmless. *Kotteakos v. United States,* 328 U.S. 750, 764–65, 66 S.Ct. 1239, 1247–48, 90 L.Ed. 1557 (1946). Reed was not on trial for rape, attempted rape, or assault, but for unlawful distribution of and possession with intent to distribute heroin. He was properly impeached with other convictions which undermined his credibility. *See Oliver, supra,* 384 A.2d at 645; *Hale v. United States,* 361 A.2d 212, 215 (D.C.1976). *See also, Brunson v. Higgins,* 708 F.2d 1353, 1360 (8th Cir.1983) ("Once a defendant's credibility has been tarnished by two prior convictions, it is pure speculation to assume that evidence of one or two additional convictions will prejudice his case.") Although the prosecutor persisted in questioning Reed after he denied being convicted of any crime in California, the "sequence of questioning [did not involve] a key element of a charged offense intermingled with repeated impeachment by previous convictions of similar offenses." *See Baptist, supra,* 466 A.2d at 458.

■ Moreover, the government's evidence against Reed was very strong. He was positively identified by Officer Sinclair and apprehended when he was still in possession of most of the marked money which Officer Sinclair, in undercover ·clothes, had given him in exchange for the drugs. Further, the trial judge instructed the jury in clear and definite terms that it must "ignore completely" the attempted impeachment for assault with intent to

commit rape.[7] In view of the crimes charged and the prosecutor's question, we conclude that it can fairly be said that the prosecutor's impeachment was not intended to suggest to the jury that the defendant was guilty of the crimes charged because of his prior conviction. *Id.* at 458. Accordingly, we find no error by the trial judge in denying the motions for a mistrial.[8]

### III.

Appellant Washington contends the prosecutor's rebuttal during closing argument implicitly commented on his failure to testify in violation of his Fifth Amendment right. *Griffin v. California*, 380 U.S. 609, 614–15, 85 S.Ct. 1229, 1232–33, 14 L.Ed.2d 106 (1965). He moved for a mistrial at the close of prosecutor's rebuttal argument. Accordingly, the proper standard for review is whether the rebuttal argument caused substantial prejudice to Washington. *Hawthorne, supra,* 476 A.2d at 170.

The test for determining whether the trial judge erred in failing to grant a mistrial is whether the prosecutor's language "was manifestly intended or was of such character that the jury would naturally and necessarily take it to be a comment on the failure to testify." *Brown v. United States,* 383 A.2d 1082, 1085 (D.C.1978); *Byrd v. United States,* 364 A.2d 1215, 1218 (D.C.1976). During defense counsels' closing arguments to the jury, both attacked the credibility of the police officers who testified as government witnesses. In her rebuttal argument, the prosecutor commented on appellants' credibility and the credibility of the government's witnesses.

Considering the prosecutor's remarks in context, we are unconvinced that such comments were "manifestly intended" or "naturally and necessarily" resulted in the jury viewing them as comments on Washington's failure to testify. We agree with the government that "[t]he clear thrust of the prosecutor's argument was to contrast the credibility of Reed—who was the only nongovernment witness to testify—with the credibility of the police officers," which defense counsel had attacked in his closing argument. "Such an oblique and indirect comment, when viewed in context, does not substantially suggest that the jury would naturally and necessarily take the remark to be a reference to Washington's failure to testify." *Byrd, supra,* 364 A.2d at 1218. *See United States v. Williams,* 172 U.S. App.D.C. 290, 293, 521 F.2d 950, 953 (1975).[9]

7. Reed contends the trial judge improperly instructed the jury about the attempted impeachment of him with the conviction for assault to commit rape because the instruction "possibly" led the jury to believe that he had been convicted of that crime, but the government had simply failed to produce the evidence necessary to prove the conviction. Reed did not offer alternative language or object to the instruction. We are satisfied the error, if any, did not constitute plain error. *Watts, supra,* 362 A.2d at 709. *See State v. Mustacchio,* 57 N.J. 265, 271 A.2d 582, 588 (1970) (trial judge's "clear and expeditious instructions" held to have " 'adequately neutralized' " any adverse effect of improper question regarding prior conviction for which prosecutor had no proof).

8. We find no error by the trial judge in denying Reed's motion for a new trial. The strong evidence of his guilt would not have been affected by the omission of the attempted impeachment for assault with intent to rape. *See Huggins v. United States,* 333 A.2d 385, 387 (D.C.1975).

We also hold Reed's contention his conviction was based on improperly admitted evidence is without merit. He argues on appeal that government experts who tested the drugs did not testify that the tests were accurate or verify the safe or accurate condition of the equipment, or indicate a control test was done with comparison material. One expert testified that the tests and techniques he used were standard procedures used in the profession; the other expert testified that the test he used was one of several used to test heroin. Reed's trial counsel was apparently satisfied with the experts' testimony since he did not cross-examine them.

9. Washington also contends he is entitled to a new trial because the attempted impeachment of Reed with a conviction for assault with intent to commit rape, and the prosecutor's rebuttal argument (that Reed had been convicted of two bank robberies—instead of one bank robbery and one bank larceny—) prejudiced him. We find no merit in this contention. The prosecutor specifically said that her comments and

Accordingly, we affirm the judgments of conviction.

Reed's prior convictions should be considered in "assessing the credibility of Mr. Reed." The trial judge instructed the jury that, subject to the aiding and abetting instruction, it should consider separately the guilt or innocence of each

defendant. *Cf. Davies v. United States,* 476 A.2d 658, 661 (D.C.1984) (withholding of potential *Brady* material from one defendant does not entitle co-defendant to new trial).