**Howard ALLEN, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 91–CF–1265.**

District of Columbia Court of Appeals.

Argued Jan. 28, 1993.

Decided Feb. 23, 1993.*

Opinion Filed April 2, 1993.

Walter S. Booth, Bethesda, MD, appointed by the court, for appellant.

Peter V. Taylor, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., and John R. Fisher, Thomas C. Black, and Ronald L. Walutes, Jr., Asst. U.S. Attys., Washington, DC, were on the brief, for appellee.

Before FERREN, FARRELL and KING, Associate Judges.

PER CURIAM:

██ Appellant was found guilty of having committed three separate robberies (one of them armed) and having possessed a firearm during commission of a crime of violence (the armed robbery). His primary argument on appeal is that he elected not to testify at trial in reliance on the prosecutor's mistaken representation as to a previous conviction with which appellant could

---

* The disposition in this case was originally issued as a Memorandum Opinion and Judgment on February 23, 1993, and is being published upon the court's grant of appellee's motion to publish.

be impeached if he took the stand. Appellant concedes that he could have been impeached with a 1976 conviction for unauthorized use of a motor vehicle and a 1980 conviction for sodomy, both in the District of Columbia. He contends, however that the prosecutor erroneously represented before trial that he was also subject to impeachment with a 1980 conviction for rape in Maryland.[1] Appellant argues that he might well have submitted to impeachment with the "lesser" conviction of sodomy (and perhaps also felony assault, see note 1, *supra*), but that the prospect of the jury's learning—mistakenly—of a prior rape conviction kept him from testifying.

We reject appellant's claim as speculative and wholly insufficient to warrant a new trial. In doing so we do not reach the government's argument that appellant failed to preserve the issue because of the fact alone that he did not testify and subject himself to the impeachment. *See Luce v. United States*, 469 U.S. 38, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984). Rather, the record fails to support appellant's argument that the added factor of likely impeachment with a rape (as distinct from a sodomy) conviction materially influenced his decision not to testify. From all that appears in the transcript, what may have influenced appellant in this regard was solely his concern that, whatever the exact nature of the prior convictions, the government was correct in asserting that they were not time-barred as impeachable convictions under D.C.Code § 14–305(b)(2)(B). Beginning with his two motions to modify bond, appellant did not dispute the representation (first by the Pretrial Service Agency, then by the prosecutor relying on the PSA reports) that he had separate prior convictions for rape and sodomy. This

prompted the trial judge to remark before trial that appellant did "not contest the convictions" but instead disputed only whether he had completed serving those sentences before the ten-year reach-back period of the impeachment statute began. Not until sentencing did appellant dispute the existence of a prior rape conviction, and even then he never suggested that prospective impeachment with that crime as opposed to sodomy had alone served to keep him from testifying.[2] Therefore, he is in no position now to argue that he was induced by prosecutorial error to surrender the right to testify in his behalf.

■ Even if appellant's sole reason for not testifying was the supposed existence of a Maryland rape conviction, he cannot prevail; in context, his failure to insist on the government's proving the existence of that conviction limits him to plain error review on appeal—a standard that does not permit reversal here. More specifically, appellant does not question the government's good faith (though erroneous) belief that there was a Maryland rape conviction. Furthermore, he had an absolute right under *Reed v. United States*, 485 A.2d 613, 617 (D.C.1984), to put the government to its proof that there was such a conviction. Under these circumstances, a defendant should not be allowed to proffer for the first time at sentencing that he failed to testify solely because of a government misrepresentation about the existence of a prior conviction; the government's good faith mistake should not cause reversal and remand for a new trial when appellant had it within his control to force verification of all relevant facts at trial, before he made a decision whether or not to testify. In this case, moreover, defense counsel may have relied not only on the prosecutor's misrepresentation but also on his own client's

---

1. In fact, as the government points out on appeal, and appellant does not dispute in his briefs, the Maryland conviction was not for rape but for felony assault, an apparent lesser included offense of rape.

2. Appellant's only statement in this regard at sentencing, made through counsel, was as follows:

   I want the Court to also accept the fact that it was not only the fact that [appellant] had a prior criminal history that precluded him

from testifying in court, but the only thing he was going to deny—he was going to admit being at the scene and participating in this series of offenses. But the real problem was that the Government because of—you know, wanted him to plead guilty to a weapons offense. He could not admit to that because that was not the case.

Hence there were apparently other reasons besides appellant's "prior criminal history" that caused him not to testify.

confirmation of a Maryland rape conviction; his client had been convicted in Maryland of a felony assault as a lesser included offense of a second-degree rape charge, *see supra* note 1—a conviction that may have been "rape" to the non-lawyer client-appellant. Thus, it is perhaps understandable why counsel did not dispute the existence of the government-proffered Maryland rape conviction at trial. But given the right to pin down the facts before deciding whether or not to testify, *see id.*, appellant should not be heard, absent plain error, to complain later about the government's good faith misrepresentation. Because there is no discernible miscarriage of justice, we conclude the trial court did not plainly err in failing *sua sponte* to insist on the government's proving the Maryland conviction. Even if appellant had taken the stand, he could have been impeached with a prior felony assault, *supra* note 1, as well as a prior sodomy conviction.

■ Appellant's remaining argument is that the trial judge abused his discretion in not severing the armed robbery count (and attendant firearm possession count) from the remaining counts of robbery. We find no abuse of discretion. Appellant's removal of the actual cash register from the same store on three separate occasions within eight days was, in the judge's words, "a strikingly unusual element" that would have fully justified admission of evidence of each robbery in a trial of the others. *See Bond v. United States*, 614 A.2d 892, 895–96 (D.C.1992). Appellant also falls well short of "mak[ing] a convincing showing that he [had] both important testimony to give concerning one count [or pair of counts] and a strong need to refrain from testifying on the other [counts]." *Baker v. United States*, 131 U.S.App.D.C. 7, 26, 401 F.2d 958, 977 (1968), *cert. denied,* 400 U.S. 965, 91 S.Ct. 367, 27 L.Ed.2d 384 (1970) (distinguishing *Cross v. United States*, 118 U.S.App.D.C. 324, 335 F.2d 987 (1964)).

*Affirmed.*

