**Norman Lee BROWN, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 9322.**

United States Court of Appeals
Tenth Circuit.

July 10, 1967.

Rehearing Denied Aug. 31, 1967.

---

Harry H. Haddock, Denver, Colo., for appellant.

William E. Gandy, Asst. U. S. Atty. (Lawrence M. Henry, U. S. Atty., on the brief), for appellee.

Before JONES*, SETH, and HICKEY, Circuit Judges.

PER CURIAM.

The appellant was convicted by a jury on an information charging him with the interstate transportation of a stolen motor vehicle (18 U.S.C.A. § 2312), and he has taken this appeal.

Appellant urges that the trial court committed error in refusing to grant his motion for a judgment of acquittal on

---

* Senior Judge of the Fifth Circuit, by Designation.

the ground that a prima facie case had not been proved, and that the verdict was not supported by substantial evidence. He also urges that it was error not to grant his motion for mistrial, and that the court erred in charging the jury.

■ The record shows that the verdict was amply supported by substantial evidence. Appellant was in possession of a car in Colorado on August 21, 1966, which was shown to have been stolen in Missouri on August 18, 1966. At the trial the car was properly identified by its owner. There was also evidence that appellant had knowledge that the car was stolen. A person in the car at the time of appellant's arrest in Colorado made a statement to the officers that "they" had changed the car's license plates while driving it.

There was some variation in the registration numbers in that one of the papers admitted in evidence omitted the initial digit in the number, but this is of no consequence as the car was identified without question by its owner, and identified as the one appellant was driving when arrested. This was sufficient. Welch v. United States, 360 F.2d 164 (10th Cir.).

The trial court gave the accepted instruction relative to possession of property recently stolen in another state. Maguire v. United States, 358 F.2d 442 (10th Cir.).

There was no error in the trial court's denial of appellant's motion for verdict. There was then before the court evidence that the car in question had been stolen in Missouri, and was found in appellant's possession in Colorado. This was sufficient.

Appellant also urges that his motion for a mistrial should have been granted. The record shows that a witness was called by the appellant who testified that he, not appellant, had stolen the car, and that appellant did not know it was stolen. The testimony of the witness did not agree with statements the witness had made to officers following his arrest, and the witness also denied making certain statements. After he had testified for the appellant the Government sought to impeach him by calling the officers to whom the witness had made statements. One of these witnesses was Edward J. Rogers, who was an FBI agent. This witness testified as to an interview he had with the witness and to a written report of it. The agent testified that the witness was willing to explain how the witness and the appellant were in possession of the car. The record then shows the following answer by the agent:

"At that time he indicated that he had known Norman Lee Brown in the prison at Terre Haute, and he stated that about August 16th of 1966 that Mr. Brown had visited him at his home in Paris, Kentucky. I asked him how he got there, and he said that he thought that Mr. Brown came on the bus.

"He stated that they—."

Appellant's attorney then objected to the officer reading from a report. The court then stated that there was a more basic objection relating to limitation of the scope of examination on rebuttal, and advised the attorney for the Government to limit the questions accordingly. The attorney for appellant then said he wanted to make a motion, and said that the questions had gone beyond the limits for impeachment, and had resulted in prejudice to the defendant which could not be "expunged from the record by instructions from the Court to the jury." The court denied the motion and admonished the jury to disregard all the testimony of the agent to that point, and advised the jury on the limits of impeachment. The examination of the agent as to the interviews with the witness then proceeded.

The statement by the agent that the witness had told him he knew the appel-

lant in "the prison at Terre Haute" apparently was given as "background" prior to the description of the interview in issue, and was not responsive to the question. The trial court properly excluded it, and admonished the jury to disregard it. This admonition to the jury was clear and strong, but did not emphasize the prison reference. This issue does not present the aggravated and repetitive references which were present in Maestas v. United States, 341 F.2d 493 (10th Cir.), nor the refusal to admonish in Sumrall v. United States, 360 F.2d 311 (10th Cir.).

The question whether a motion for mistrial should be granted presents a matter within the discretion of the trial judge. He is in the best position to judge the effect which the incompetent evidence may have had on the jury. Maestas v. United States, supra. Generally an error in the admission of evidence can be cured by an admonition. Holt v. United States, 94 F.2d 90 (10th Cir.); Fitts v. United States, 328 F.2d 844 (10th Cir.); Walton v. United States, 334 F.2d 343 (10th Cir.); Beatty v. United States, 357 F.2d 19 (10th Cir.). There are however circumstances when the testimony may create such a strong impression in the minds of the jurors that they will be unable to disregard it. Marshall v. United States, 360 U.S. 310, 79 S.Ct. 1171, 3 L.Ed.2d 1250; Lawrence v. United States, 357 F.2d 434 (10th Cir.); Sumrall v. United States, 360 F.2d 311 (10th Cir.). The courts " . . have not categorically applied the rule to every erroneous exposure of jurors to the defendant's record or reputation." We so said in Sumrall v. United States, supra, and also stated: "Instead, it [Michelson v. United States, 335 U.S. 469, 69 S.Ct. 213, 93 L.Ed. 168] wisely left the whole matter of character and record evidence to the prudent discretion of the trial court, subject, of course, to review for abuse." In Sumrall, supra, the trial court refused a request to admonish the jury, while here the admonition was accomplished in a clear and firm manner without emphasis on the problem. We hold that this cured the defect and adequately protected appellant's rights.

Affirmed.