**UNITED STATES of America, Appellee,**

v.

**Leon JOHNSON, Appellant.**

**No. 77–1430.**

United States Court of Appeals,
Fourth Circuit.

Argued July 10, 1979.

Decided Dec. 6, 1979.

Herbert W. Louthian, Columbia, S.C., for appellant.

Lionel S. Lofton, Asst. U.S. Atty., Charleston, S.C. (Thomas E. Lydon, Jr., U.S. Atty., and Thomas P. Simpson, Asst. U.S. Atty., Columbia, S.C., on brief), for appellee.

Before RUSSELL, Circuit Judge, FIELD, Senior Circuit Judge, and WIDENER, Circuit Judge.

FIELD, Senior Circuit Judge:

Leon Johnson, together with his co-defendant, J. Paul Scott, was convicted of bank robbery in violation of 18 U.S.C. § 2113(a) and (d) and § 2. Johnson and Scott were tried jointly and a third defendant, Donald Anderson, testified against them under a grant of immunity pursuant to a plea bargain. Upon appeal, Johnson contends that Anderson's response to a question put to him upon cross-examination improperly put Johnson's character in issue, and that the trial court committed reversible error in denying his motions for a mistrial or severance.

In September of 1978, three masked bandits robbed a branch of the Spartanburg Bank and Trust Co. in Spartanburg, South Carolina. At the trial of Johnson and Scott, Anderson testified that he was one of those three. He identified defendants Johnson and Scott to be the others involved in the robbery. He testified extensively as to the planning and preparation for the robbery and also the events involved in the robbery itself. His story was corroborated by the witnesses to the robbery and by others. Paraphernalia used in the robbery had been found much as Anderson had described. Since the three men wore ski masks, coveralls, and gloves, no identification of Johnson was made by any witness other than Anderson. His testimony, therefore, was of much importance to the government.

Neither Johnson nor Scott testified. During the cross-examination of Anderson, Scott's counsel asked the following question and received the following response:

Q. All right. Now Mr. Anderson, when you robbed the bank at Taylorsville, Georgia, who was with you?

A. Leon Johnson and Melvina Satterfield and Charmane Garrett.

Counsel for Johnson immediately moved for a mistrial or, in the alternative, a severance, alleging that the response to the question was too prejudicial to be cured by an instruction to the jury. After a hearing outside the presence of the jury, the trial court denied the motions. The trial court then gave an extensive instruction to the jury, admonishing them to disregard that part of Anderson's testimony.[1]

■ It is, of course, well settled that only a defendant can put his character into issue in a criminal trial.[2] Closely akin to that broad concept is the widely accepted rule that evidence of other crimes not charged in the indictment is not admissible as part of the case against the defendant.[3] The rule has many exceptions,[4] but we find it unnecessary to venture into this troublesome area since, in our opinion, the dispositive question on this appeal is whether the district court abused its discretion in denying Johnson's motions. The basic principle was stated in the landmark case of *Throck-* *morton v. Holt,* 180 U.S. 552, 567, 21 S.Ct. 474, 480, 45 L.Ed. 663 (1901):

The general rule is that if evidence which may have been taken in the course of a trial be withdrawn from the consideration of the jury by the direction of the presiding judge, that such direction cures any error which may have been committed by its introduction. * * * But yet there may be instances where such a strong impression has been made upon the minds of the jury by illegal and improper testimony, that its subsequent withdrawal will not remove the effect caused by its admission, and in that case the general objection may avail on appeal or writ of error. (Citation omitted)

■ Whether prejudicial error has been committed must be determined on the basis of the record in its entirety and the result will generally turn on the facts of each case. The record before us discloses that the Government solidly proved its case against Johnson with evidence which was both admissible and convincing, and viewed in the context of the entire trial, the strong curative instruction of the district judge was sufficient to dissipate whatever small amount of prejudice may have been created by the reference to the Georgia robbery.

---

1. The court's instruction to the jury was, in part, as follows:

> Mr. Foreman and members of the jury, I want you to listen to me very carefully because this is the most important thing that I have instructed you from a legal standpoint I am about to so do now. * * * But you will recall that Mr. Rion asked this young man who was with you in the commission of the bank robbery in Georgia. * * * Now that is a collateral matter to this case, and it was improper for him to name, as he did, his co-defendant. * * * What I am doing now is telling you that his response by naming his co-defendants as being with him at that alleged time is not legal evidence. You cannot consider that as any evidence against this defendant on trial that was named, because, it is not legal evidence.
>
> Therefore, under your oaths, which you took to try this case and base your verdict on the legal evidence that you are hearing here in this courtroom, legal evidence, this not being legal evidence, the Court emphatically instructs you you are to wipe out the response of this witness to the defense cross examination of him as to who was with him

> on a bank job that is not involved in the trial of this case. It is not legal evidence, disregard, wipe out of your mind, in no way allow it to come into the trial of this case insofar as your having heard it. You are to completely disregard it and put no significance at all to the response given where he names who he says was with him, and that's all he did.

2. *Michelson v. United States,* 335 U.S. 469, 69 S.Ct. 213, 93 L.Ed. 168 (1948); Wright, *Fed. Prac. & Pro.* § 409 (1969).

3. Fed.R.Evid. 404(b); *Lovely v. United States,* 169 F.2d 386 (4 Cir. 1948). *See also* 2 Wright, *Fed.Prac. & Pro.* § 410 (1969).

4. None of the exceptions outlined in *Fed.R. Evid.* 404(b), proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident are relevant to our discussion here. The Government's argument that the evidence was admissible as showing a common scheme or plan will receive no more mention than to say we consider it to be without merit.

■ While we have reversed convictions in cases where evidence of other crimes had been improperly presented,[5] in those cases the inadmissible evidence was not only prejudicial, but had been purposely introduced by the prosecution. Here, the question was posed by counsel for Johnson's co-defendant, and neither the question nor the response carried the imprimatur of the Government. Absent such misconduct on the part of the Government counsel, the courts generally have discerned no reversible error where the trial court has acted promptly in sustaining an objection and advising the jury to disregard the testimony. *See, United States v. Works,* 526 F.2d 940 (5 Cir. 1976); *Brown v. United States,* 380 F.2d 477 (10 Cir. 1967), *cert. den.,* 390 U.S. 962, 88 S.Ct. 1062, 19 L.Ed.2d 1158 (1967); *Atkinson v. United States,* 344 F.2d 97 (8 Cir. 1965), *cert. den.,* 382 U.S. 867, 86 S.Ct. 141, 15 L.Ed.2d 106 (1966).

Since we perceive no abuse of discretion by the district court in denying Johnson's motions, the judgment of conviction is affirmed.

*AFFIRMED.*

WIDENER, Circuit Judge, dissenting:

I respectfully dissent because I believe the error committed was so harmful to the defendant that a curative instruction could not be said with fair assurance to have erased the prejudice.

I disagree with the majority's reasoning that the cause of the error in admitting the evidence is the key to reviewing the question of determining whether a new trial is warranted. The majority opinion at least implicitly, and probably expressly, holds, I think, that the error here was not fatal because the prejudicial evidence was not introduced by the prosecution. Had the prosecutor asked the fatal question, the majority opinion indicates it would hold exactly opposite of the holding today.[1]

As the majority notes, it is well settled that only a criminal defendant can put his good character into issue at trial. Although a defendant's character may seem relevant when determining guilt or innocence, such evidence has historically been kept out of a criminal trial for fear that a jury would place too much emphasis on the defendant's bad character and convict on that basis rather than on the evidence produced at trial. As the Court stated in *Boyd v. United States,* 142 U.S. 450, 458, 12 S.Ct. 292, 295, 35 L.Ed. 1077 (1892), "[h]owever depraved in character, and however full of crime their past lives may have been, the defendants were entitled to be tried upon competent evidence, and only for the offense charged." Significantly, the Court at no place in the opinion discussed the fact that the government introduced the evidence as a reason for its holding.

Again as noted by the majority, closely akin to that broad concept, and as an outgrowth therefrom, is the widely accepted rule that evidence of other crimes not charged in the indictment is not admissible as part of the case against the defendant. This rule has many exceptions, none of which are relevant to our discussion here. I suggest, however, that while a criminal defendant may in certain circumstances open the door to inquiry about other offenses such as by taking the witness stand and testifying, or by offering evidence of good character, that is not the case here. Johnson did neither. Therefore, as *Boyd* states, he was entitled to a trial absent *proof of other offenses he may have committed.*

5. *Watkins v. Foster,* 570 F.2d 501 (4 Cir. 1978); *United States v. Harman,* 349 F.2d 316 (4 Cir. 1965); *Lovely v. United States,* 169 F.2d 386 (4 Cir. 1948).

1. "While we have reversed convictions in cases where evidence of other crimes had been improperly presented, [footnote omitted] in those cases the inadmissible evidence was not only prejudicial, but had been purposely introduced by the prosecution. Here, the question was posed by counsel for Johnson's co-defendant, and neither the question nor the response carried the imprimatur of the Government. Absent such misconduct on the part of the Government counsel, the courts generally have discerned no reversible error where the trial court has acted promptly in sustaining an objection and advising the jury to disregard the testimony." [Citations omitted] P. 197.

In *Lovely v. United States,* 169 F.2d 386 (4th Cir. 1948), this court reversed a rape conviction, holding that it was reversible error to allow the prosecution to introduce evidence of a prior rape that the defendant allegedly committed 15 days prior to the crime charged. Relying upon the vast and uncompromising history in this area of the law, this court reaffirmed the general rule that evidence of other crimes not alleged in the indictment is not admissible to show the defendant's guilt as to the crime charged. After finding the exceptions to this rule did not apply, the court concluded that "[h]ence, the evidence is ordinarily irrelevant, while at the same time its admission would necessarily operate to so prejudice a jury against a defendant as that in a doubtful case it might control the verdict." *Lovely* at 389. Further, the court noted that this is not merely a technical rule of law but instead "arises out of the fundamental demand for justice and fairness which lies at the basis of our jurisprudence." *Lovely* at 389. The court did not give as any reason for reversal the fact that the government had introduced the evidence.

In *United States v. Harris,* 331 F.2d 185 (4th Cir. 1964), we held it was plain error under FRCrP 52(b) to instruct as to reputation for criminal activity erroneously admitted over objection.

Again, in *Watkins v. Foster,* 570 F.2d 501 (4th Cir. 1978), this circuit considered the issue at hand and there upheld habeas corpus relief to a defendant whose state court trial had been tainted by insinuating questions concerning prior burglaries. There, we went so far as to rule that such prejudicial evidence deprived that criminal defendant of his constitutional rights to a fair trial under the Fourteenth Amendment to the Constitution. While the question of the prosecutor's good faith was at issue, we reasoned: "Foster ha[d] a right to be tried on this scarce evidence [without that of other burglaries] alone."

Past cases in this circuit which have considered the question apparently have done so in the factual setting of the absence of a corrective instruction by the trial court. They have uniformly held the evidence inadmissible. E. g. *United States v. Harman,* 349 F.2d 316 (4th Cir. 1965). The remaining issue, then, is whether the error in this case was cured by the trial court's instruction to the jury.

The general rule is that evidence erroneously admitted during a trial may be withdrawn from consideration by the jury by instruction and that action cures any error in its admission. But a part of the same rule is that where such a strong impression has been made on the jury that its subsequent withdrawal will not remove the effect, the error is not so curable. *Throckmorton v. Holt,* 180 U.S. 552, 21 S.Ct. 474, 45 L.Ed.2d 663 (1901). I think this case comes within the latter part of the rule.

In *Helton v. United States,* 221 F.2d 338 (5th Cir. 1955), the court reversed the defendant's drug related conviction on the grounds that the defendant's character was wrongly put into issue when a witness testified that the defendant was a marijuana smoker. Although the court instructed the jury that the evidence was withdrawn from its consideration, but did not charge them to disregard that evidence, the court stated it was doubtful that any instruction, however strong, would have sufficed to cure the error. This court reasoned the same way in *United States v. Harman,* 349 F.2d 316 (4th Cir. 1965). In that case, reversible error occurred when prison pictures of the defendant were admitted into evidence. The court there noted "[i]t is doubtful that anything the judge might have said could have removed the prejudice created by the introduction of [those] pictures." *Harman* at 320. The case before us is at least as strong for the defendant as was *Harman.*

Again, in different context, but in the setting of a civil case where the interests protected are not so precious as here, we held that a golden rule argument could not have been cured by an instruction to the jury. *Leathers v. General Motors Corp.,* 546 F.2d 1083 (4th Cir. 1976).

The cases from this circuit cited illustrate that this court frowns upon, probably more

than most, admitting evidence of prior crimes and the ability of a trial court to erase from the minds of a jury very highly prejudicial statements. See *Krulewitch v. United States,* 336 U.S. 440, 453, 69 S.Ct. 716, 93 L.Ed. 790 (1948).

Of course, there are many other cases on this and closely related subjects. Without attempting to analyze all or even a substantial part of them, it is sufficient to indicate that some hold that the prejudice is cured by a jury instruction,[2] while some hold that it is not.[3] The result, to me, seems to turn on the facts of each case, but always considered is the nature of the charge for which the defendant is on trial and the nature of the previous offense. Without attempting to set down any rigid rule or categorical guideline, I think it sufficient to indicate that in my opinion, in this prosecution for bank robbery, the proof of a separate bank robbery with the same companion was so prejudicial that a mistrial should have been granted. I doubt the instruction of the district court, prompt and strong as it was, could be said with reasonable certainty to have removed the fact from consideration by the jury.

The government also argues that because the circumstantial and corroborating evidence was strong that the failure to declare a mistrial, if error, was harmless. The answer to that is that I "cannot say, with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error." *Kotteakos v. United States,* 328 U.S. 750, 765, 66 S.Ct. 1239, 1248, 90 L.Ed. 1557 (1946).

Lastly, the government argues that it was blameless, for it had nothing to do with the introduction of the prejudicial evidence, and that the judgment should not be upset on account of something not of the govern-

ment's making. While it is true that the government was blameless, this defendant was equally blameless, and it doesn't matter to the defendant who introduced the evidence; it is the fact of its introduction that hurt. He vigorously opposed it at the time, as he does now. This is not a case where the claimed error is prosecutorial overreaching or unfairness, but is one where the defendant's rights have been adversely and prejudicially affected by conduct not of his own making. He initiated neither the question nor the answer, see *Michelson,* 335 U.S. p. 485, 69 S.Ct. 213. Because the decision to place his character in evidence was the defendant's alone and he did not exercise it, *Michelson,* pp. 475–479, 69 S.Ct. 213, the blamelessness of the government should not serve to affirm the conviction. "If the suppression of evidence results in constitutional error, it is because of the character of the evidence, not the character of the prosecutor." *United States v. Agurs,* 427 U.S. 97, 110, 96 S.Ct. 2392, 2401, 49 L.Ed.2d 342 (1976). No reason appears to me why that principle should not apply here.

When I add the introduction of this highly prejudicial evidence to the fact that the only direct identification evidence against Johnson was the testimony of the accomplice Anderson, and that the evidence in question was completely irrelevant to every aspect of the trial save Johnson's propensity to rob banks, I cannot say with reasonable certainty that Johnson had a fair trial. Therefore, I would vacate the judgment of conviction and remand the case for a new trial.

---

**2.** E. g., *United States v. Works,* 526 F.2d 940 (5th Cir. 1976); *Brown v. United States,* 380 F.2d 477 (10th Cir. 1967), cert. den., 390 U.S. 962, 88 S.Ct. 1062, 19 L.Ed.2d 1158 (1967); *Atkinson v. United States,* 344 F.2d 97 (8th Cir. 1965), cert. den., 382 U.S. 867, 86 S.Ct. 141, 15 L.Ed.2d 106 (1966).

**3.** E. g., *United States v. Carter,* 157 U.S.App. D.C. 149, 482 F.2d 738 (D.C.Cir.1973); *United States v. Rudolph,* 403 F.2d 805 (6th Cir. 1968); *Courtney v. United States,* 390 F.2d 521 (9th Cir. 1968); *United States v. Clarke,* 343 F.2d 90 (3d Cir. 1965).