842 F.2d 1293
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
R. Craig DAVIS, Defendant-Appellant.
 86-5623.
 United States Court of Appeals, Fourth Circuit.
 March 17, 1988.
 
 Christopher J. Russo, Jr. (Horn, Bennett & Redmond on brief) for appellant.
 John Vincent Geise, Assistant United States Attorney (Breckinridge L. Willcox, United States Attorney on brief) for appellee.
 Before MURNAGHAN and SPROUSE, Circuit Judges, and YOUNG, Senior United States District Judge for the District of Maryland, sitting by designation.
 PER CURIAM:
 
 
 1
 R. Craig Davis appeals his conviction for possession of and conspiracy to distribute over one kilogram of cocaine. Davis argues that the district judge committed reversible error by not suppressing evidence obtained from a warrantless search which he alleges violated his Fourth Amendment rights. Davis also contends that the district judge abused his discretion when he denied Davis' motion for a mistrial after reference at trial to evidence which had been excluded. We affirm.
 
 
 2
 On February 25, 1986, government informant Ferdinand Moore contacted Special Agent Barry Jamison of the Drug Enforcement Administration ("DEA") regarding a potential cocaine transaction with a suspect named Cary Butler. Moore arranged to purchase cocaine from Butler on February 26, 1986, at the apartment of Butler's girlfriend in Mt. Rainier, Maryland. Butler suggested this location because his drug source, appellant Davis, did not want the deal to be made in public.
 
 
 3
 Led by Special Agent Jamison, the DEA agents decided that they would not make any arrests outside the apartment complex because others involved in the cocaine transaction might observe the arrests from the apartment and escape. Accordingly, the agents decided to make the arrests in the hallway of the apartment building. The DEA agents wired Moore and gave him a verbal signal to use to trigger the arrests when he located cocaine inside the apartment.
 
 
 4
 When Moore gave the signal upon finding the contraband, the DEA agents attempted to arrest Butler as he left the apartment. Butler tried to escape by reentering the apartment. In apprehending him, Special Agent Jamison entered the apartment where he seized a plastic bag filled with cocaine on the dining room table.
 
 
 5
 The agents then performed a protective sweep of the apartment and found appellant Davis with another individual, Jesse Jones, in the bedroom with the door closed. Butler later testified at trial that Davis had brought the cocaine to the apartment, but had retreated with Jones to the bedroom to avoid participating in the drug transaction with Moore, who was a stranger. The agents also found two guns during their protective sweep of the one bedroom apartment.
 
 
 6
 On March 5, 1986, a federal grand jury returned a two count indictment charging Davis, Butler, and Jones with possession of, and conspiracy to distribute, more than one kilogram of cocaine. Butler pled guilty and agreed to cooperate with the government. The government dismissed its case against Jones.
 
 
 7
 Davis filed a motion to suppress the cocaine and other evidence seized from the apartment. The district judge denied this motion at a hearing on May 14, 1986; however, he indicated that he would exclude the two guns found in the apartment on grounds of relevancy.
 
 
 8
 At trial, Davis moved for a mistrial when Special Agent Jamison testified that he had found two guns in the apartment. The district judge denied the motion and admonished the jury to disregard the weapons because they were found in an apartment which did not even belong to Davis. On June 3, 1986, the jury found Davis guilty of both counts of the indictment.
 
 
 9
 * A person must have a reasonable expectation of privacy in the invaded place to claim the protection of the Fourth Amendment. Rakas v. Illinois, 439 U.S. 128, 143 (1978) (citing Katz v. United States, 389 U.S. 347, 353 (1967)). There are two requirements for proving a reasonable expectation of privacy: "first, that a person have exhibited an actual (subjective) expectation of privacy and, second, that the expectation be one that society is prepared to recognize as reasonable.' " Katz, 389 U.S. at 361 (Harlan, J., concurring).
 
 
 10
 In Rakas, the United States Supreme Court noted that society does not view an expectation of privacy to pursue illegal ends as reasonable:
 
 
 11
 [A] 'legitimate' expectation of privacy by definition means more than a subjective expectation of not being discovered. A burglar plying his trade in a summer cabin during the off season may have a thoroughly justified subjective expectation of privacy, but it is not one which the law recognizes as 'legitimate.' ... [H]is expectation is not 'one that society is prepared to recognize as reasonable'.
 
 
 12
 439 U.S. at 143-44 n. 12 (citations omitted). See also United States v. Meyer, 656 F.2d 979, 982 (5th Cir.1981) ("[T]he 'subjective expectation of not being discovered' conducting criminal activities is insufficient to create a legitimate expectation of privacy."). Applying Rakas, Davis cannot demonstrate a reasonable expectation of privacy because his sole purpose for being in the apartment was to distribute cocaine. Therefore, he is not entitled to Fourth Amendment protection. The district judge acted properly in admitting the fruits of this lawful search.
 
 II
 
 13
 In reviewing a motion for mistrial, this Court must consider the record in its entirety to determine whether prejudicial error was committed and whether the judge abused his discretion in denying the motion. United States v. Johnson, 610 F.2d 194, 196-97 (4th Cir.1979), cert. denied, 446 U.S. 911 (1980). Davis argues that Special Agent Jamison's testimony regarding the guns, the subject of an earlier motion, was clearly prejudicial to his case. However, "courts generally have discerned no reversible error where the trial court has acted promptly in sustaining an objection and advising the jury to disregard the testimony." Johnson, 610 F.2d at 197.
 
 
 14
 In this case, the district judge denied the motion for mistrial and immediately instructed the jury as follows:
 
 
 15
 Ladies and gentlemen, there was mention made of guns. There is nothing in this case about guns. The defendant is not accused of possession of weapons or improper possession of weapons or having been in possession of weapons.
 
 
 16
 The guns that were found were found in an apartment not leased by this defendant. They are not attributable to this defendant. Ignore them.
 
 
 17
 This cautionary instruction was within the Johnson guidelines.
 
 
 18
 AFFIRMED.