935 F.2d 1287
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert Eugene BAILES, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert Eugene BAILES, Defendant-Appellant.
 No. 88-5172, 88-5674.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 3, 1991.
Decided June 14, 1991.
As Amended Aug. 26, 1991.
 
 Appeals from the United States District Court for the Western District of North Carolina, at Charlotte. Robert D. Potter, Chief District Judge. (CR-87-81-C)
 Robert Eugene Bailes, appellant pro se.
 Robert John Erickson, United States Department of Justice, Washington, D.C., Thomas J. Ashcraft, United States Attorney, Frank DeArmon Whitney, office of the United States Attorney, Charlotte, N.C., for appellee.
 W.D.N.C.
 AFFIRMED.
 Before WIDENER, MURNAGHAN and NIEMEYER, Circuit Judges.
 PER CURIAM:
 
 
 1
 Robert Eugene Bailes, a federal prisoner, appeals an order of the district court which found him competent to stand trial, and appeals his convictions of causing persons to travel in interstate commerce in the execution of a scheme to defraud (18 U.S.C. Sec. 2314), wire fraud (18 U.S.C. Sec. 1343), false statements and representation of Social Security account number (42 U.S.C. Sec. 408(g)), and false declarations before a court (18 U.S.C. Sec. 1623). We affirm.
 
 
 2
 Most of the counts in these convictions resulted from a scheme to sell non-existent insurance companies which Bailes carried out, in part, through advertisements placed in The Wall Street Journal. Four counts were based on his use of a false Social Security number in obtaining a post office box, opening bank accounts and attempting to obtain a charge card. One count resulted from a false statement he made to a United States magistrate judge in proceedings related to his prosecution in this case.
 
 
 3
 After his indictment in August 1987, Bailes failed to get an attorney or to file the necessary forms to obtain courtappointed counsel. Because he claimed to be incompetent to stand trial, Bailes was given a medical and psychiatric evaluation at the Federal Correctional Institution at Butner, North Carolina. On the basis of the report prepared at Butner, the district court found Bailes competent to stand trial.
 
 
 4
 Before trial, the district court found that Bailes had waived his right to counsel and was proceeding pro se; stand-by counsel was appointed in September 1988 and the trial took place in October 1988.
 
 
 5
 The government's evidence against Bailes was overwhelming. Bailes raised an insanity defense, claiming that elevated levels of calcium in his blood at the time of the offenses adversely affected his mental processes and made him incapable of understanding the wrongfulness of his actions. Two psychiatrists provided testimony in support of this defense; one of the doctors had examined Bailes briefly. Both based their opinions about Bailes mainly on a review of a chart which purportedly summarized Bailes' calcium levels since 1970; the chart, which showed high to very high levels throughout the period, was sent to them by Sheila McGough, an attorney who assisted Bailes, though she never appeared on his behalf. The source of the information was not shown on the chart or otherwise provided to the psychiatrists. A psychiatrist from Butner testified for the government that Bailes currently showed no evidence of mental impairment, that none of the reports from the Mayo Clinic, which identified his hypercalcemia[1] in 1987, disclosed any mental problems in Bailes, and that he was unaware of any case in which elevated levels of calcium produced psychological problems in a patient. After hearing all the evidence, the jury found Bailes guilty on twenty-two counts and not guilty on one count of making a false statement.
 
 
 6
 In this appeal, Bailes has filed two informal briefs and six appendices.[2] He raises twenty-two issues,[3] most of which are entirely frivolous. Most of his claims are based on misrepresentations of what occurred during the proceedings in the district court or on mischaracterizations of the law, and we need not discuss them in detail. A thorough review of the record reveals no reversible error. We note that the record discloses no violation of the Speedy Trial Act (18 U.S.C. Secs. 3161-3174); only 44 nonexcluded days passed between indictment and trial, and most of the delay was caused by the need to provide medical evaluation and treatment for Bailes and by his own motions. Bailes was not denied the right to counsel at any point in the proceedings. He steadfastly refused to obtain counsel or to allow counsel to be appointed for him. The evidence seized from Bailes's business premises/residence was taken under a valid search warrant issued before the search was made on July 20, 1984.
 
 
 7
 Before and during the trial, Bailes was provided complete discovery, including copies of the seized documents. Bailes was given ample opportunity to subpoena defense witnesses. During trial, Bailes was provided with copies of certain new documentary evidence as the government received it from witnesses. There is no indication that any of his legal materials were lost or confiscated by the Bureau of Prisons; to the contrary, the record reveals that care was taken to ensure that Bailes had all of his materials with him for trial and that all discovery materials were available to him during trial. No papers were seized from Bailes after trial; the government simply recovered its Jencks materials with Bailes's consent. During the pendency of this appeal, both this Court and the government have made exceptional efforts to ensure that Bailes was in possession of the entire record on appeal as well as copies of discovery materials provided to Bailes during trial. Nonetheless, Bailes filed numerous motions in this Court still seeking the production of these and other materials. He has also asserted that he has not received certain of the materials which were provided to him, and that his legal papers have been lost or taken from him by prison staff. Legitimate complaints of this nature may be brought in an action pursuant to Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 402 U.S. 388 (1971).
 
 
 8
 Bailes points out that the jury heard some prejudicial hearsay testimony from one of the witnesses, Kirpatrick MacDonald. The government lawyer attempted to stop MacDonald and then reminded him to limit his answers to the question asked. The judge instructed the jury to consider only MacDonald's statements about his own encounter with Bailes, and repeated this caution during the jury instructions at the end of trial. Considering the strength of the government's case against Bailes, the fact that the government did not purposefully elicit the hearsay and the judge's curative instruction, we find no reversible error and no abuse of discretion in the district court's denial of Bailes's motion for a mistrial. See United States v. Johnson, 610 F.2d 194 (4th Cir.1979), cert. denied, 446 U.S. 911 (1980).
 
 
 9
 Bailes also contends that Fed.R.Crim.P. 43 was violated when the judge answered one of several questions from the jury while he was out of the courtroom and that neither he nor his stand-by counsel was apprised of the question. He claims that he is still ignorant of what questions the jury asked and the judge's responses. However, the trial transcript shows that the jury retired to deliberate at 4:35 p.m. and returned at 5:25 p.m. The transcript does not disclose that Bailes was removed from the courtroom during this period, though he alleges he was removed at 2:55 before the jury charge. The transcript shows that his standby counsel was present when all questions were received. The questions, the discussion between the judge and both counsel about them, and the judge's responses are part of the record. Because the record does not support Bailes's contention, we cannot conclude that reversible error occurred here.
 
 
 10
 The judgment of the district court is affirmed. All pending motions to further augment the record are denied. Bailes's motion to direct the Bureau of Prisons to find "lost legal papers and other items" is denied. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 11
 AFFIRMED.
 
 
 
 [1]
 Bailes was diagnosed as suffering from sarcoidosis, with hypercalcemia appearing as an element of that disease
 
 
 [2]
 He has since notified the Court that he prefers to have the appendices called exhibits
 
 
 [3]
 The issues raised are: (1) denial of a speedy trial; (2) denial of assistance of counsel at the August 22, 1988, competency hearing; (3) admission of evidence obtained on July 18, 1984, without a search warrant; (4) denial of right to be present at all stages of trial in that he was out of the courtroom when the judge answered a question from the jury; (5) denial of representation by counsel; (6) conviction on out-of-context statute (18 U.S.C. Sec. 2314); (7) insufficient evidence; (8) lack of jurisdiction; (9) denial of motion to consolidate multiplicious charges and for bill of particulars; (10) improper admission of evidence of other crimes under Fed.R.Evid. 404(b) (MacDonald testimony); (11) commitment to Butner under inapplicable statute (18 U.S.C. Secs. 4241, 4242 and 4247 violated ex post facto; (12) denial of discovery prior to trial; (13) confiscation of personal documents and legal materials prior to trial by Bureau of Prisons; (14) imposition of consecutive sentences for attempt convictions (18 U.S.C. Sec. 3584); (15) denial of subpoenas for defense witnesses; (16) denial of motion to confront government witnesses who performed his mental evaluation at Butner; (17) reversal of recusal by trial judge despite conflict of interest; (18) denial of motion for retrial based on admission of hearsay (MacDonald testimony); (19) use of improper jury instruction on insanity defense; (20) outrageous government conduct including violation of 1979 plea agreement; (21) denial of legal mail prior to trial in that he was moved often between institutions; (22) frequent transfer between institutions which kept him away from the Western District of North Carolina prior to trial and kept him from receiving and responding to government pleadings and court orders. Bailes also lists another 38 issues which he does not discuss; many of them are repetitive