960 F.2d 147
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Kevin James GIBBS, Defendant-Appellant.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Michael Victor WHATLEY, Defendant-Appellant.
 No. 91-5595.
 No. 91-5603.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: December 11, 1991
Decided: April 23, 1992
 
 Appeals from the United States District Court for the Eastern District of Virginia, at Alexandria. T. S. Ellis, III, District Judge. (CR-91-5-A)
 David B. Albo, ALBO & ANDERSON, Vienna, Virginia; James C. Clark, LAND, CLARK, CARROLL & MENDELSON, P.C., Alexandria, Virginia, for Appellants.
 Kenneth E. Melson, United States Attorney, Ankur J. Goel, Special Assistant United States Attorney, Danny N. Roetzel, Assistant United States Attorney, Alexandria, Virginia, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before WIDENER, WILKINSON, and WILKINS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Kevin James Gibbs and Michael Victor Whatley appeal their convictions for robbing a bank with the aid of a dangerous weapon (18 U.S.C. § 2113(a) & (d) (1988)) and using a firearm to assist in committing a violent crime (18 U.S.C. § 924(c)(1) (West Supp. 1991)). Gibbs argues on appeal that because the government presented no evidence that he knew that Whatley was armed, his motion for a judgment of acquittal should not have been denied. Both Appellants also argue that the district court erred by not declaring a mistrial after a witness's remark revealed that Whatley had been arrested because of his involvement in an unrelated bank robbery. Because we find the Appellants' claims lack merit, we affirm.
 
 
 2
 * On November 28, 1990, three men entered the lobby of the First American Bank in Alexandria, Virginia. One of the men, who was carrying a handgun, grabbed a customer. The other two jumped over the counter and removed $16,000 from the cash drawers at the bank.
 
 
 3
 In January 1991, Kevin James Gibbs and Michael Victor Whatley were charged in a two-count indictment with robbing a bank with the aid of a dangerous weapon and using a firearm to assist in committing a violent crime.
 
 
 4
 At trial, tellers working at the bank at the time it was robbed identified Whatley and Gibbs as the robbers. A Federal Bureau of Investigation (FBI) fingerprint specialist later matched Gibbs' fingerprints with prints taken from the counter at the bank. Also during the trial, FBI agent Barry Kroboth testified that he had obtained a black baseball cap from Whatley-which contained similar markings to a cap worn by one of the robbers as shown in the bank's surveillance video camera-in November 1990. When asked how he obtained the cap, Kroboth stated that he had obtained the cap when he arrested Whatley "on an unrelated bank robbery matter." The district court sustained the Defendants' objections to that statement, immediately ordered the testimony stricken, and instructed the jury to disregard it. When issuing its jury charges, the district court later reminded the jury that it was to disregard any testimony stricken from the record.
 
 
 5
 Both defendants were convicted on both counts.[1] Gibbs was sentenced to a total of 130 months; Whatley received 320 months.
 
 II
 
 6
 Gibbs argues that the government presented no evidence showing that he knew that Whatley was armed. To obtain a conviction under 18 U.S.C. § 2113(d), the government must prove that the accomplice knew that a gun would be used in the commission of the robbery. See United States v. McCaskill, 676 F.2d 995, 998 (4th Cir.), cert. denied, 459 U.S. 1018 (1982). To convict under 18 U.S.C.s 924(c), the government must prove beyond a reasonable doubt that the accomplice knew his codefendant had a gun.
 
 
 7
 When a defendant is prosecuted for aiding and abetting an armed robbery, the jury may infer from the circumstances surrounding the robbery that the defendant knew that his accomplice would use a gun. See United States v. Grubczak, 793 F.2d 458, 463 (2d Cir. 1986). The government need not show that the defendant actually knew that a dangerous weapon would be used; all that is required is that the defendant be on notice of the likelihood of its use. Id. See also McCaskill, 676 F.2d at 998.
 
 
 8
 Here, one of the three robbers threatened a bystander with a firearm while his accomplices fearlessly vaulted over the counter and stole cash from the registers. Viewing these facts in the light most favorable to the prosecution, the jury could properly infer that Gibbs knew Whatley had a gun. Therefore, Gibbs' motion for a judgment of acquittal[2] was properly denied.
 
 
 9
 We next address the Appellants' claim that the district court erred by not declaring a mistrial after Kroboth's remark about Whatley's arrest for another bank robbery.
 
 
 10
 This point has been decided adversely to the defendant in United States v. Johnson, 610 F.2d 194 (4th Cir. 1979), a case very nearly on all fours with the one at bar. In Johnson, a witness, in response to a question from a co-defendant's attorney, stated that Johnson had been with him during the robbery of another bank. The trial court immediately decided that evidence was inadmissible and admonished the jury to disregard it. In the absence of misconduct on the part of the government's attorney, we affirmed as not an abuse of discretion the denial of a mistrial on account of the evidence just mentioned. We see no significant difference between Johnson and the present case. Here, because the reference to Whatley's involvement in another bank robbery, was brief, not intentional on the part of the government's attorney, and sufficiently cured by a remedial instruction, it was not reversible error to deny a mistrial.
 
 III
 
 11
 In conclusion, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 The district court denied the motions made by the Defendants for judgments of acquittal
 
 
 [2]
 The standard for deciding a motion for judgment of acquittal is whether the evidence and the inferences which may be drawn from the evidence-viewed in the light most favorable to the prosecution-would warrant the jury's finding a defendant guilty beyond a reasonable doubt. United States v. Dominguez, 604 F.2d 304, 310 (4th Cir. 1979), cert. denied, 444 U.S. 1014 (1980)