**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                    No. 98-4062

ROBERT LEWIS GRIFFITH,
<u>Defendant-Appellant.</u>

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                    No. 98-4063

MICHAEL GARY PESACOV,
<u>Defendant-Appellant.</u>

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                    No. 98-4404

WILLIAM DAVID BROUWER,
<u>Defendant-Appellant.</u>

Appeals from the United States District Court
for the District of Maryland, at Baltimore.
Catherine C. Blake, District Judge.
(CR-96-362-CCB)

Submitted: March 16, 1999

Decided: June 11, 1999

Before NIEMEYER, HAMILTON, and WILLIAMS,
Circuit Judges.

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Roger Norman Powell, Pikesville, Maryland; David Richard Solomon, Baltimore, Maryland; David Paul Henninger, GEORGE PSORAS, JR., CHARTERED, Towson, Maryland, for Appellants. Frank W. Hunger, Assistant Attorney General, Lynne A. Battaglia, United States Attorney, Susan L. Strawn, Trial Attorney, Office of Consumer Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Appellants, Robert L. Griffith, Michael G. Pesacov, and William D. Brouwer, were indicted in 1996 along with nine co-defendants on charges relating to a substantial and long running interstate conspiracy to trade in automobiles with altered odometers. The conspiracy was led by Theodore Schecter who organized both the odometer "roll-backs" and the related title and paperwork alterations as well as the massive financial accounting scheme that disguised the illegitimate transactions. At trial, the government presented the testimony of several cooperating co-conspirators and documentary evidence regarding twenty-seven of the illegal transactions. Summary exhibits detailed the inflow and outflow of capital to and from the conspiracy. Following deliberations, the jury returned verdicts convicting Appellants on all counts.[1] In January 1998, Appellants Pesacov and Brouwer were

---

[1] Each Appellant was convicted of: (1) conspiracy to alter odometers on used cars and to transport in interstate commerce falsely made and

2

sentenced to fifty-one months imprisonment, and Appellant Griffith was sentenced to forty-six months imprisonment. Appellants filed timely notices of appeal and now raise several claims of error relating to both the trial and sentencing. Having conducted a thorough review of the record, we find no error. Therefore, we affirm the convictions and sentences for the reasons set forth below.

Appellant Pesacov assigns error to the decision of the district court to admit a tape recording of a telephone conversation between Pesacov and a cooperating government witness. Pesacov supports his argument with MD. CODE A NN., Courts and Judicial Proceedings §§ 10-402, 405 (1998), which excludes from evidence any recording obtained without the consent of all parties. See id. However, it is well settled that "`[i]n a federal criminal prosecution, federal standards govern the admissibility of evidence.'" United States v. Glasco, 917 F.2d 797, 798 (4th Cir. 1990) (quoting United States v. Mealy, 851 F.2d 890, 907 (7th Cir. 1988)). Therefore, Maryland law is inapplicable. It is equally settled that recorded conversations made in confidence to another are not protected by the Fourth Amendment if the listener is a cooperating government agent. See, e.g., United States v. White, 401 U.S. 745, 749, 751 (1971). Because the government witness consented to the recording of his conversation with Pesacov, there is no violation of Pesacov's constitutional or federal statutory rights. Thus, the district court did not err by admitting the tape recording of the conversation.

Pesacov next objects to a series of government exhibits that demonstrated his financial involvement in the conspiracy by summarizing

_____

altered vehicle titles, in violation of 18 U.S.C.A.§ 371 (West 1966 & Supp. 1998); and (2) conspiracy to launder money and aiding and abetting the same in violation of 18 U.S.C.A. § 1956(g) (West 1993) (recodified at 18 U.S.C.A. § 1956(h) (West Supp. 1999)) and 18 U.S.C.A. § 2 (West 1969). Appellants were also convicted of (1) specific counts of altering odometers and aiding and abetting the same in violation of 15 U.S.C. §§ 1984, 1990c (West 1993) (reworded and recodified at 49 U.S.C.A. §§ 32703(2), 32709(b) (West 1997)), and 18 U.S.C.A. § 2 (West 1969); and (2) transporting falsely made titles in interstate commerce and aiding and abetting the same in violation of 18 U.S.C.A. §§ 2, 2314 (West 1969 & Supp. 1998).

3

the capital exchanges between Pesacov and Schecter. These exhibits demonstrated that Pesacov transferred $739,823 to Schecter from 1988 - 1994 and that he received $709,095 from Schecter during the same time period.[2] The Federal Rules of Evidence provide that "[t]he contents of voluminous writings, recordings, or photographs which cannot conveniently be examined in court may be presented in the form of a chart, summary, or calculation." FED. R. EVID. 1006. Furthermore it is not a prerequisite that the underlying evidence in support of the summaries be admitted into evidence so long as the supporting documents were admissible and available to the defendants to facilitate cross examination. See United States v. Strissel, 920 F.2d 1162, 1163-64 (4th Cir. 1990). Although Pesacov claims that the underlying evidence was "probably . . . inadmissible," (Appellant's Brief at 17), he fails to provide a single example of objectionable evidence. Moreover, banking records are readily considered admissible under FED. R. EVID. 803(6). Finally, Pesacov was given access to the material supporting the summary exhibits. Because the evidence in question was admissible, and because the evidence was made available to Pesacov, his claim of error is meritless.

Pesacov's final claim of error is that the government violated the tenets of 18 U.S.C.A. § 201(c)(2) (West Supp. 1998), by offering leniency to cooperating witnesses in exchange for their truthful testimony. Although a widely discussed panel decision of the Tenth Circuit supported this proposition, see United States v. Singleton, 144 F.3d 1343 (10th Cir. 1998), that opinion has since been vacated and reversed. See United States v. Singleton, 165 F.3d 1297 (10th Cir. 1999). We reject Pesacov's claim.

Appellant Brouwer asserts two claims of error. Brouwer first argues that the district court erred by enhancing his sentence for obstruction of justice pursuant to U.S. Sentencing Guidelines Manual § 3C1.1 (1997). At sentencing, the United States moved for a two level enhancement based on Brouwer's intimidating behavior toward witnesses at trial. In support of this claim, the United States presented

_____

[2] The exhibits were based on the banking records and canceled checks from six accounts and were compiled with the assistance of a special agent of the Criminal Investigation Division of the Internal Revenue Service.

4

affidavits from three witnesses each of whom testified at trial. The witnesses indicated that Brouwer had approached them and made threatening gestures and comments.**3** The sentencing guidelines provide a two level enhancement "[i]f the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice." USSG § 3C1.1. The application notes to the guidelines further provide a non-exhaustive list of examples that warrant an enhancement, including: "threatening, intimidating, or otherwise unlawfully influencing a co-defendant, witness, or juror, directly or indirectly, or attempting to do so." USSG § 3C1.1, comment. (n.3(a)). Because Brouwer challenges the district court's application of the facts to USSG § 3C1.1, we review the court's action for clear error. See United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir. 1989).

Our review of the record reveals no error. Based on the affidavits and statements made at trial, it was clear that Brouwer approached three separate witnesses and made remarks reasonably interpreted as threatening. Indeed, on one occasion Brouwer went so far as to raise his closed fist toward a witness. It is also clear that Brouwer continued to engage in this inappropriate behavior even after being admonished by the court to refrain from doing so. In consideration of this evidence, we cannot conclude that the district court erred in determining by a preponderance of the evidence that Brouwer engaged in obstruction of justice. See United States v. Puckett, 61 F.3d 1092, 1095 (4th Cir. 1995).

Brouwer next claims that the district court abused its discretion by denying his request for a mistrial following the improper remarks of a testifying witness. At trial, the government called Special Agent Michelle Gruzs to testify regarding documentary evidence. On cross examination by counsel for one of Brouwer's co-defendants, Gruzs was asked about an alleged threat on Theodore Schecter's life. Gruzs began to answer with information implicating Brouwer; however, counsel immediately objected and ultimately moved for a mistrial on the ground that inappropriate and prejudicial material had been placed

_____

**3** The substantive claims in the affidavits were bolstered by objections to Brouwer's conduct that had been brought to the court's attention during the trial.

5

before the jury. The district court denied the motion but gave a strong curative instruction.

We review the district court's decision denying a motion for mistrial under an abuse of discretion standard. See United States v. Dorsey, 45 F.3d 809, 817 (4th Cir. 1995). As our past decisions have noted, not all error in the admission of evidence will result in the grant of a new trial. See generally id. at 816-18; United States v. Johnson, 610 F.2d 194, 196-97 (4th Cir. 1979). A proper analysis will include a review of the error "in the context of the entire trial," focusing on the weight of the otherwise untainted evidence and the presence or absence of a strong curative instruction. Johnson, 610 F.2d at 196. A reviewing court should also consider whether the government or the defense counsel elicited the inappropriate information. See id. at 197. In the instant matter, the untainted evidence against Brouwer was overwhelming. At the time of the inadmissible statement, six witnesses and co-conspirators had already testified as to Brouwer's role in the odometer rollback scheme. Numerous documents had been introduced to corroborate this testimony, and tapes of Brouwer discussing his illicit activities had been played for the jury. In addition, the objectionable response was not elicited at the behest of the Government; rather, it was brought forward upon questioning by counsel for one of Brouwer's co-defendants. Thus, the specter of wrongful government action is absent in this case. Lastly, the record makes clear that the court provided an immediate and thorough curative instruction admonishing the jury to disregard the statement. In consideration of all these factors, the district court did not abuse its discretion by denying Brouwer's motion for a mistrial.

Finally, Appellant Griffith claims that the district court erred by denying his motions for acquittal under FED. R. CRIM. P. 29. However, the basis of Griffith's Rule 29 motions was that the district court should not have considered any evidence that would have been barred by the now-vacated panel decision in United States v. Singleton, 144 F.3d 1343 (10th Cir. 1998). Because that decision has since been reversed, and in any event is not binding upon this court, this claim too, must fail.

Accordingly, we affirm the convictions and sentences of the Appellants. We dispense with oral argument because the facts and legal

6

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED