UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                                      No. 01-4440

FERNANDO Q. LENNON,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Newport News.
Rebecca B. Smith, District Judge.
(CR-00-81)

Submitted: November 29, 2001

Decided: December 7, 2001

Before WIDENER, NIEMEYER, and WILLIAMS, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

James S. Ellenson, Newport News, Virginia, for Appellant. Kenneth E. Melson, United States Attorney, Matthew W. Hoffman, Special Assistant United States Attorney, Norfolk, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Fernando Q. Lennon appeals his conviction for being a felon in possession of a firearm, in violation of 18 U.S.C.A. § 922(g)(1) (West 2000). Lennon asserts that the district court should have granted a mistrial following allegedly prejudicial testimony describing a suspect in a robbery that occurred in the vicinity of where officers first encountered him. We affirm.

We review the denial of a motion for a mistrial for an abuse of discretion and find none. *See United States v. Dorlouis*, 107 F.3d 248, 257 (4th Cir. 1997) (stating standard of review). Although Lennon asserts that the testimony relating to the robbery and the description of a suspect was prejudicial, not all errors in the admission of evidence will result in the grant of a new trial. *See United States v. Johnson*, 610 F.2d 194, 196-97 (4th Cir. 1979). Our review of the alleged error "in the context of the entire trial" focuses on the weight of the otherwise untainted evidence and the presence or absence of a strong curative instruction. *Id.* at 196; *see United States v. Ince*, 21 F.3d 576, 583 (4th Cir. 1994) (providing standard for determining harmlessness of nonconstitutional error).

Here, the untainted evidence against Lennon was overwhelming. He stipulated that he was a convicted felon, the Government established that the gun traveled in interstate commerce, the officer saw Lennon discard an object as he fled, and the object recovered was a handgun. *See United States v. Gallimore*, 247 F.3d 134, 136 (4th Cir. 2001) (discussing elements of the offense). Although the objectionable testimony was elicited by the Government, it was provided as background information only. In addition, the court provided an immediate and thorough curative instruction regarding the purpose for which the jury should consider the testimony. *See United States v. Love*, 134 F.3d 595, 603 (4th Cir. 1998) (presuming that the jury follows cautionary instructions regarding potentially prejudicial evidence). In light of these factors, we find that the district court did not abuse its discretion by denying Lennon's motion for a mistrial.

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materi-

als before the court and argument would not aid the decisional process.

*AFFIRMED*