UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
           *Plaintiff-Appellee,*

v.

SABRA JABBAR ROBINSON,
           *Defendant-Appellant.*

No. 03-4199

Appeal from the United States District Court
for the District of South Carolina, at Beaufort.
Sol Blatt, Jr., Senior District Judge.
(CR-00-263)

Submitted: January 21, 2004

Decided: February 12, 2004

Before WIDENER, NIEMEYER, and LUTTIG, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

David P. McCann, Charleston, South Carolina, Daphne A. Burns,
DAPHNE A. BURNS, L.L.C., Isle of Palms, South Carolina, for
Appellant. J. Strom Thurmond, Jr., United States Attorney, Nancy C.
Wicker, Assistant United States Attorney, Columbia, South Carolina,
Robert H. Bickerton, Assistant United States Attorney, Charleston,
South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

A jury found Sabra Jabbar Robinson guilty of one count of conspiracy to possess with intent to distribute and to distribute 50 grams or more of a mixture or substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846, 851 (2000), one count of knowing, using and discharging a firearm in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (2000), one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a) (2000), and one count of conspiracy to use, carry, brandish, discharge and possess firearms during and in relation to drug trafficking crimes in violation of 18 U.S.C. § 924(c)(2000). On appeal, Robinson contends the district court erred in arriving at the drug quantity used to determine his base offense level. Robinson further contends the district court abused its discretion denying a motion for a mistrial. Finding no reversible error, we affirm.

We review a district court's determination of the drug quantity attributable to the defendant as a factual question reviewed for clear error. *United States v. Randall*, 171 F.3d 195, 210 (4th Cir. 1999). At sentencing, the government has the burden of proving the amount of drugs attributable to a defendant by a preponderance of the evidence. *United States v. Lipford*, 203 F.3d 259, 272 (4th Cir. 2000). In calculating drug amounts, the court may consider any relevant information, provided the information has sufficient indicia of reliability to support its probable accuracy. *United States v. Uwaeme*, 975 F.2d 1016, 1021 (4th Cir. 1992). Even hearsay alone can provide sufficiently reliable evidence of drug quantity. *Id.* at 1019. Furthermore, the sentencing guidelines do not demand precision; they recognize that the court often must approximate the amount of drugs, erring on the side of caution. *United States v. Cook*, 76 F.3d 596, 604 (4th Cir. 1996). We give due regard to the district court's opportunity to judge the credi-

bility of witnesses. 18 U.S.C. § 3742(e) (2000). Credibility determinations therefore receive deference unless they are without support in the record and are rarely disturbed on appeal. *United States v. Brown*, 944 F.2d 1377, 1379-80 (7th Cir. 1991), *United States v. Saunders*, 886 F.2d 56, 60 (4th Cir. 1989). We find there was no clear error in the district court's finding regarding drug quantity.

Robinson moved for a mistrial after a government witness testified he had been asked by law enforcement authorities to take a polygraph examination. The decision of whether to grant a motion for a mistrial is left to the broad discretion of the trial court. *United States v. Dorlouis*, 107 F.3d 248, 257 (4th Cir. 1997) (stating that "[d]enial of a defendant's motion for a mistrial is within the sound discretion of the district court and will be disturbed only under the most extraordinary of circumstances"). We have held that, in order to show an abuse of discretion, a defendant must show prejudice, and no prejudice exists if the jury could make individual guilt determinations by following the court's cautionary instructions. *United States v. West*, 877 F.2d 281, 288 (4th Cir. 1989). Whether prejudicial error has been committed must be determined on the basis of the record in its entirety and the result will generally turn on the facts of each case. *United States v. Johnson*, 610 F.2d 194, 196 (4th Cir. 1979). Reversal is required only if there is a clear abuse of discretion and a "reasonable possibility that the jury's verdict was influenced by the material that improperly came before it." *United States v. Seeright*, 978 F.2d 842, 849 (4th Cir. 1992) (internal quotation marks and citation omitted).

The results of a polygraph examination are never admissible to impeach the credibility of a witness. *United States v. Sanchez*, 118 F.3d 192, 197 (4th Cir. 1997). Instructing the jury to disregard evidence that a witness has taken a polygraph usually ameliorates any problem posed by the admission of such evidence. *United States v. Tedder*, 801 F.2d 1437, 1444 (4th Cir. 1986); *United States v. Brevard*, 739 F.2d 180, 182 (4th Cir. 1984). Only when this evidence "is likely to impress a jury to the extent that an instruction from the court will not dissipate its prejudicial effect" must the court declare a mistrial. *Tedder*, 801 F.2d at 1444. The following two factors are to be reviewed in assessing whether the inadmissible evidence of a polygraph test should lead to a mistrial: (1) whether an inference about the

result of the test is critical in assessing the witness' credibility, and (2) whether the witness' credibility is vital to the case. *Id.* at 1444.

We find upon a review of the record that it is unlikely that the witness's statement led to an improper inference about the results of the polygraph examination. Thus, the verdict was not improperly influenced by the witness's statement. We further find the district court did not abuse its discretion denying the motion for a mistrial.

Accordingly, we affirm the convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*