**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 15-4031**

───────────

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

   v.

DIARRA JERMAINE BODDY,

        Defendant – Appellant.

───────────

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. John T. Copenhaver, Jr., District Judge. (2:14-cr-00038-1)

───────────

Submitted: June 5, 2015          Decided: August 27, 2015

───────────

Before WYNN, DIAZ, and FLOYD, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Wesley P. Page, FLAHERTY SENSABAUGH BONASSO PLLC, Charleston, West Virginia, for Appellant. R. Booth Goodwin II, United States Attorney, C. Haley Bunn, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Diarra Jermaine Boddy appeals his conviction for unlawful possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924 (2012). Boddy seeks a dismissal of the charge, contending that the government presented insufficient evidence to support his conviction. Alternatively, he requests a new trial, arguing that a government witness's testimony was unfairly prejudicial. For the reasons set forth below, we affirm.

I.

A.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the government. United States v. Herder, 594 F.3d 352, 358 (4th Cir. 2010).

On September 10, 2013, Patrolman Brian Lightner of the Charleston, West Virginia Police Department observed Boddy speeding on Kanawha Boulevard. Lightner followed Boddy's vehicle and saw him throw a firearm from the car as it turned left onto Veazey Street. Boddy pulled slowly to the side of the street where Lightner stopped him and called for backup. Corporal Jarl Taylor arrived and located the firearm in a nearby driveway. Lightner detained Boddy and then secured the firearm.

2

B.

Prior to trial, Boddy filed a motion in limine to exclude extrinsic offense evidence related to his arrest. Boddy sought to exclude evidence that he (1) possessed a counterfeit substance, (2) drove under the influence, and (3) was on supervised release at the time of his arrest. The district court granted his motion.

At trial, Lightner testified that Boddy was the vehicle's sole occupant and that he saw Boddy throw the firearm. Lightner also testified that he called for backup and directed Taylor to the firearm's location. Taylor testified that he located the firearm in the driveway to which Lightner directed him. The government also introduced the firearm itself, pictures of the firearm, and video footage from the camera mounted on Lightner's dashboard. The video shows Boddy's driver's side door wide open as Lightner followed on Veazey Street, but does not show Boddy throw the firearm. The video otherwise corroborates Lightner's testimony.

At the close of the government's case, Boddy moved for a judgment of acquittal under Fed. R. Crim. P. 29, which the district court denied. Boddy's sole witness testified that he sold the vehicle to Boddy and that the driver's side door occasionally opened on its own. At the close of his case, Boddy

renewed his Rule 29 motion, which the district court again denied.

Following his conviction, Boddy moved for a judgment of acquittal and for a new trial under Fed. R. Crim. P. 33. He argued that Lightner gratuitously testified on cross-examination to matters that Boddy had successfully moved to exclude, thus denying him a fair trial. Specifically, Lightner told the jury that (1) he testified at Boddy's parole hearing at the jail, (2) Boddy smelled of alcohol during the traffic stop, and (3) he pulled "what appeared to be crack" from Boddy's pocket after the arrest. J.A. 140.[1] Boddy also challenged Lightner's credibility and the weight of the evidence. The district court again denied Boddy's motions.

Boddy filed a timely appeal.

## II.

We first consider Boddy's argument that he was entitled to a judgment of acquittal because the government offered insufficient evidence to support his conviction for being a felon in possession of a firearm. We review de novo the district court's denial of Boddy's Rule 29 motion. United

---

[1] For the first time on appeal, Boddy complains about three additional aspects of Lightner's cross-examination testimony, which we discuss in more detail later.

4

States v. Penniegraft, 641 F.3d 566, 571 (4th Cir. 2011). In assessing the sufficiency of evidence, we construe all evidence in the light most favorable to the government and will uphold a jury's verdict if any rational trier of fact could have found the crime's essential elements beyond a reasonable doubt. Id.

To meet its burden of proof on the charged offense, the government was required to establish that (1) Boddy was a convicted felon, (2) Boddy knowingly possessed a firearm, and (3) the firearm traveled in interstate commerce. United States v. Langley, 62 F.3d 602, 606 (4th Cir. 1995) (en banc). Because the parties stipulated to the first and third elements, we only address whether the evidence was sufficient to prove Boddy knowingly possessed the firearm.

Boddy insists the evidence was insufficient on this element of the offense because the government failed to present DNA or fingerprint evidence, non-law enforcement witnesses, or video of Boddy throwing the gun. According to Boddy, Lightner's critical testimony—that he observed Boddy throw the gun—stands uncorroborated.

We have held, however, that the uncorroborated testimony of a single witness is sufficient to sustain a guilty verdict. United States v. Arrington, 719 F.2d 701, 704-05 (4th Cir. 1983). Moreover, the government's case did not rest solely on Lightner's testimony. Rather, it was also based on Boddy's

5

being the sole occupant and owner of the vehicle, the video of Boddy's open car door, Lightner's contemporaneous statement requesting backup wherein he told the dispatcher that he saw Boddy throw a gun, and Taylor locating the firearm where Lightner directed him. We are satisfied that ample evidence existed from which a jury could reasonably find Boddy knowingly possessed the firearm.[2] We therefore reject Boddy's first claim of error.

## III.

We next consider Boddy's argument that the district court erred in denying his motion for a new trial. We review the denial of a motion for a new trial for abuse of discretion. United States v. Singh, 54 F.3d 1182, 1190 (4th Cir. 1995). In assessing whether to grant a new trial, a district court need not view the evidence in the light most favorable to the government and may consider witness credibility. United States v. Arrington, 757 F.2d 1484, 1485 (4th Cir. 1985). However, the district court must show deference to the jury's verdict and should grant a new trial only "[w]hen the evidence weighs so

---

[2] Boddy also contends that we should reject Lightner's testimony because it was not credible. But "[w]e, of course, do not weigh the evidence or review the credibility of witnesses in resolving the issue of substantial evidence." Arrington, 719 F.2d at 704.

6

heavily against the verdict that it would be unjust to enter judgment." Id.

Boddy here repeats his argument that the government presented insufficient evidence to carry its burden, and we again reject it. Boddy also says that the district court was not sufficiently skeptical of Lightner's credibility given that it was central to the government's case. Boddy, however, effectively challenged Lightner's credibility at trial and, like the district court, we find no basis for upsetting the jury's decision to nonetheless credit Lightner.[3]

We turn next to Boddy's separate contention that Lightner made a number of prejudicial statements on cross-examination that warrant a new trial. Specifically, Boddy complains that Lightner told the jury that (1) he previously testified at Boddy's parole hearing at the jail, (2) he pulled a substance appearing to be crack cocaine from Boddy's pocket, (3) Boddy smelled of alcohol during the stop, (4) the government's case

---

[3] Boddy separately contends that opening a car door and throwing a firearm across the street while turning left at a high rate of speed, all in the five seconds his car was outside the view of Lightner's dashboard camera, is "a feat of extraordinary dexterity and timing." Appellant's Reply Br. 8 n.3. The video, however, supports a more reasonable version of events, i.e., that Boddy turned left and reduced his speed before opening the car door and tossing the firearm.

7

was "clearcut," (5) fingerprint analysis is unreliable, and (6) arrestees who curse are no longer citizens.

Boddy's counsel did not object to statements 3, 4, and 6 at trial, and thus our review is confined to plain error.[4] United States v. Chong Lam, 677 F.3d 190, 201 (4th Cir. 2012). To meet his burden, Boddy must show that (1) the district court committed error, (2) the error was plain, and (3) the error affected his substantial rights. Id. Even assuming that the district court plainly erred in not sua sponte striking the statements, we hold that Boddy has failed to show that the error affected his substantial rights.

Counsel did object to the remaining statements and he affirmatively moved to strike them. The district court granted the motions and later instructed the jury that it was to disregard any evidence stricken by the court.

Limiting instructions are presumed to cure any error committed by the introduction of improper evidence. United States v. Johnson, 610 F.2d 194, 196 (4th Cir. 1979). And we generally will reverse a defendant's conviction based on the

_____

[4] Boddy's counsel not only failed to object to the statement that Boddy smelled of alcohol during the stop, but he virtually invited the answer when he asked Lightner, "[D]o you know what, in terms of events that day, was there anything that occurred that would—that might lead to Mr. Boddy appearing incoherent?" J.A. 134.

introduction of improper testimony only where the testimony was central to the issue at trial and resulted from prosecutorial misconduct.[5]  See, e.g., Watkins v. Foster, 570 F.2d 501, 506 (4th Cir. 1978) (upholding habeas relief where prosecutor asked prisoner, charged with burglary, detailed questions about six prior burglaries); Lovely v. United States, 169 F.2d 386, 389 (4th Cir. 1948) (reversing conviction where prosecutor introduced evidence of a prior rape defendant allegedly committed just prior to the rape crime charged).

Lightner's references on cross-examination to Boddy's parole hearing, to finding what he thought was crack cocaine on Boddy's person, and his opinion regarding fingerprint evidence, while improper, were tangential to the central issue in this case: whether Boddy knowingly possessed a firearm.  And while we do not condone improper testimony on crimes not charged in the indictment, nothing in the record indicates that "the question [or] the response carried the imprimatur of the [g]overnment." Johnson, 610 F.2d at 197.  "[T]he Constitution entitles a

_____

[5] Boddy urges us to employ the following four-factor test to analyze Lightner's statements: (1) the degree to which the remarks misled the jury and prejudiced the defendant; (2) whether the remarks were isolated or extensive; (3) the strength of the government's case; and (4) whether the remarks were deliberate. United States v. Harrison, 716 F.2d 1050, 1052 (4th Cir. 1983).  However, while these factors are generally instructive, they are not directly applicable here because they relate to statements made by a prosecutor rather than a witness.

criminal defendant to a fair trial, not a perfect one," <u>Delaware v. Van Arsdall</u>, 475 U.S. 673, 681 (1986), and we are satisfied that the court's limiting instructions remedied any prejudice caused by the statements.

IV.

We affirm the district court's judgment. We deny Boddy's pro se motion requesting appointment of counsel to pursue a motion for a new trial based on newly discovered evidence and permission to file a supplemental brief. We also deny his motion to hold this appeal in abeyance. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

<u>AFFIRMED</u>